### LIST PUB. CO. *v.* KELLER.

*(Circuit Court, S. D. New York. April 12, 1887.)*

1. COPYRIGHT—PIRACY—DIRECTORY.
   The law of copyright only requires a subsequent compiler of a directory to do for himself that which the first compiler has done.

2. SAME—ORIGINAL SELECTION.
   Where the commercial value of two society directories depends upon the judgment of the authors in the selection of names of persons of a certain social standing, each directory is original to the extent that the selection is original.

3. SAME—PIRACY.
   Where the compiler of such directory uses a previous directory of the same character, to save himself the trouble of making an independent selection of the persons listed, though only to a very limited extent, he infringes the first compiler's copyright.

4. SAME.
   The later compiler may use the first compiler's book for the purpose of verifying the orthography of the names, or the correctness of the addresses, of the persons selected.

5. SAME—EVIDENCE—COMMON ERRORS.
   Where, in the compilation of two similar books, a close resemblance is the necessary consequence of the use of common materials, the existence of the same errors in the two publications is a presumption of piracy that can only be overcome by clear evidence to the contrary.

6. SAME—INJUNCTION.
   The injunction to restrain the infringement of one directory by another is limited to the extent to which they are identical.

In Equity. Bill for injunction to restrain infringement of complainant's copyright.

*Wallace MacFarland*, for complainant.

*Edmund Wetmore*, for defendant.

WALLACE, J. The parties are the proprietors and publishers of rival "society" directories, which purport to give the names and addresses of those persons in New York city who are supposed to be people of fashion. The complainant asserts that its copyrighted directory, "The List," is infringed by the defendant's directory, the "Social Register," and has made a motion for a preliminary injunction. The question in the case is whether the defendant, in compiling his directory, has done so by his own original labor, or whether, in order to spare himself time and ex-

pense, he has copied the names and addresses given in the Social Register from the List. If he has copied any part of the complainant's book, he has infringed the copyright. He has no right to take, for the purposes of a rival publication, the results of the labor and expense incurred by the complainant, and thereby save himself the labor and expense of working out and arriving at these results by some independent road. *Morris* v. *Ashbee,* L. R. 7 Eq. 34.

It was held in *Kelly* v. *Morris,* L. R. 1 Eq. 697, where the publication in controversy was a general directory, that the only legitimate use which a subsequent compiler can make of a copyrighted directory already published is for the purpose of verifying the correctness of the results reached by his own independent efforts in obtaining information.

In the latter case of *Morris* v. *Wright,* L. R. 5 Ch. App. 279, it was held that the subsequent compiler can use a directory previously published for the purpose of directing himself to the persons from whom such information is obtained.

No compiler of a book such as directories, guide-books, road-books, statistical tables, can acquire, by a copyright, a monopoly of the matter published; but the subsequent compiler must investigate for himself from the original sources of information which are open to all. It has been said that, in the case of a road-book, he must count the mile-stones for himself, and in the case of a map of a newly-discovered island he must go through the whole process of triangulation, just as if he had never seen any former map; and, generally, he is not entitled to take one word of the information previously published without independently working out the matter for himself, and the only use he can legitimately make of a previous publication is to verify his own calculations and results when obtained.

It is not necessary to adopt this statement unqualifiedly, but it is safe to say that the compiler of a general directory is not at liberty to copy any part, however small, of a previous directory, to save himself the trouble of collecting the materials from original sources. Otherwise, as the matter of rival publications of this kind is identical, there would be practically no copyright in such a book.

It is not necessary or reasonable to apply so strict a rule to publications like the present. They are designed to provide a catalogue, in convenient form, of the names and addresses of a selected class of eligible persons. They are original to the extent that the selection is original. Their commercial value depends upon the judgment and knowledge of the author respecting the social standing and society relations of a limited class of the general public. When the selection is made, each compiler must of necessity reproduce the same names and addresses, so far as the selections coincide, and must arrange them in alphabetical order. The law of copyright only requires the subsequent compiler to do for himself that which the first compiler has done. The same sources of original information are open to each. Either of the present parties could lawfully use the general city directory to obtain the correct addresses of the selected persons; nor is it doubted that the defendant had

the right to use the complainant's book for the purpose of verifying the orthography of the names, or the correctness of the addresses, of the persons selected. But if the defendant has used the List to save himself the trouble of making an independent selection or classification of the persons whose names appear in the Social Register, although he may have done so only to a very limited extent, he has infringed the complainant's copyright.

In a case like this, when a close resemblance is the necessary consequence of the use of common materials, the existence of the same errors in the two publications affords one of the surest tests of copying. The improbability that both compilers would have made the same mistakes, if both had derived their information from independent sources, suggests such a cogent presumption of copying by the later compiler from the first that it can be overcome only by clear evidence to the contrary. *Mawman* v. *Tegg*, 2 Russ. 393; *Spiers* v. *Brown*, 31 Law T. 16; *Lawrence* v. *Dana*, 2 Amer. Law T. (N. S.) 402.

The complainant relies upon this criterion here. The List contains a selection of about 6,000 names and addresses of persons residing in New York city out of the 313,000 names which appear in the general city directory. The Social Register contains about 3,500 names and addresses of persons residing in New York city, and of this number over 2,800 appear in the List. The fact that 2,800 of the names and addresses in the defendant's book originally appeared in the complainant's book would, standing alone, be quite inconclusive. But when it is shown that 39 errors in complainant's book, consisting of misprints, erroneous addresses, insertion of names of persons who never existed, and insertions of names of deceased persons, are reproduced in the defendant's book, although it was not published until more than a year after the complainant's book was published, a strong presumptive case of piracy is made out.

The depositions on the part of the defendant are addressed in part to an explanation of his reproduction of these errors consistently with the theory that they were not copied from the complainant's book. These depositions have been carefully read and considered, and the conclusion has been reluctantly reached that the explanation is inadequate. It will not,be profitable to analyze the depositions. It suffices to state that the case for the complainant is such as to call for a full and explicit vindication on the part of the defendant. If it is true that his directory was prepared from several private visiting lists furnished to Ashmore for the purpose, these lists should have been produced or their non-production accounted for; and, if they could not be produced, corroborative testimony of their existence, the sources from which they were obtained, and their contents should have been adduced. It may be that the presumption which at present must prevail will be overthrown by the proofs at the final hearing of the cause, but, as the case now appears, the complainant is entitled to an injunction. The injunction will be limited to the extent to which the defendant's book is identical with the complainant's book.