WILLIAMS v. SMYTHE et al.

(Circuit Court, M. D. Pennsylvania. September 25, 1901.)

No. 4.

COPYRIGHT—INJUNCTION AGAINST INFRINGEMENT—INCORPORATION OF PIRATED WITH ORIGINAL MATTER.

Where it is clearly apparent from inspection that in a city directory compiled for publication by defendant matter has in numerous instances been pirated from a copyrighted directory published by complainant for a preceding year, complainant is entitled to an injunction restraining the publication of defendant's directory as a whole, although portions of it appear to be free from the charge of piracy, unless defendant can eliminate the portions which he has unlawfully appropriated.

Rule for a Preliminary Injunction. Sur bill in equity to restrain violation of copyright.

The affidavits showed that the plaintiff, Catharine A. Williams, was the owner of a copyrighted directory of the city of Scranton for the year 1900, and that the defendant W. L. Smythe had compiled, and was about to issue, a directory of the same for the year 1901. The bill charged that the one had in large part been pirated from the other, in violation of the copyright, and prayed that its publication be enjoined.

H. M. Hannah and H. C. Reynolds, for plaintiff.
C. H. Soper, for defendants.

ARCHBALD, District Judge. In the compilation of his directory the defendant has unquestionably done considerable independent work, as an examination of the book abundantly shows. Not one of the 441 pages which contain the alphabetic list of residents of the city, and make up the largest and most important part of the directory, but shows a material difference from the corresponding page of that of the plaintiff. Names are added and omitted, and corrections made, some of which, to my own knowledge, are mistakes, but all of which go to establish to my satisfaction that as to this part of the publication the defendant has practically compiled it, as he declares, from original sources, and that so far the charge of piracy is not made out. It is true that in the affidavits in support of the motion the plaintiff has pointed out a few errors which have been evidently carried forward from the one directory to the other, and in general terms alleges, but fails to specify, a number more. But I am not prepared to have this overcome the manifest proof of independent work to which I have alluded, sustained, as it is, by the evidence produced by the defendant of the means employed to gather the information on which this part of his directory is based.

Unfortunately, however, the same cannot be said as to other parts of it. In what is known as the "Business Directory," pages 442 to 448, inclusive, while not a little new material has been introduced, yet so many glaring mistakes which appear in the plaintiff's direct-

110 F.—61

ory are found in exactly the same shape and connection in that of the defendant, I am forced to the conclusion that much of the one has been appropriated and incorporated bodily into the other, in violation of the copyright by which it is protected. A few examples will suffice. Thus under the head of "Lawyers," "Clark W. Bliss" is given in both as "Charles W. Bliss"; "R. Louis Grambs" as "P. Louis Grambo"; "M. F. Sando" as "M. F. Sands"; "John F. Murphy" as "John T. Murphy." Under the head of "Physicians," "Daniel H. Jenkins" appears as "David H. Jenkins." Under "Meat Markets," "Frank M. Aylesworth, 223 Wyoming avenue," is given, when the fact is that he has long since gone out of that business; and under the head of "Insurance Agents" we find "William Hodby, 807 Mears Bldg.," although he has not been at that office since February last, and is said to have removed from the city. There are a large number of other instances in which either the parties have changed their offices or places of business, or are no longer residents of the city, and yet are accredited just as they stand for the year 1900 in the directory issued by the plaintiff at that time. In like manner, in the introduction, pages i. to xlvi., where the several associations and corporations of the city are grouped together, changes in the officers and organizations which have occurred in the last year are not noted, but on the contrary a long list of those which have gone out of existence are continued on in the defendant's directory the same as in the plaintiff's, while in some which still exist the officers and addresses, although materially changed, are found exactly as if they had been copied from the one into the other. These are mistakes which would not have occurred if the defendant had gone to original sources for his information, and no explanation has been attempted with regard to them. All we have to counteract their effect is the evidence of some additional original work here, as in the main part of the directory, and the proof afforded by the defendant's affidavits, such as it is, as to the independent manner in which the directory was gotten up. This is not sufficient, however, to overcome the inference, which I consider irresistible from the appearance of this matter in the defendant's directory, that he has been guilty of abstracting and using, as the basis of these parts of it (however interfused with other matter), more or less of the plaintiff's copyrighted directory of last year, which he had no right to do.

The law upon the subject is plain. As said in Kelly v. Morris, L. R. 1 Eq. 697, in the case of a dictionary, map, guidebook or directory, although there are certain common objects of information, which must, if described correctly, be described in the same words, a subsequent compiler is bound to set about doing for himself what the first compiler has done, where his work has been copyrighted; or, in other words, he must go to original sources for his information, and cannot appropriate that gathered together by his predecessor. To the same effect are Morris v. Ashbee, L. R. 7 Eq. 34; Morris v. Wright, L. R. 5 Ch. App. 279; Publishing Co. v. Keller (C. C.) 30 Fed. 772; 7 Am. & Eng. Enc. Law (2d Ed.) p. 578. On the strength of these authorities and the proofs to which

I have alluded, I am compelled to hold that the defendant has no right to issue his directory in its present form; and this applies to the whole publication. At the same time, I am satisfied that there are parts of it which are free from the charge of piracy, although I cannot now separate them. As it stands, the book must go out, or be suppressed for the present as a whole. If, however, the defendant can sever that which is not open to the charge of piracy from that which is, or can in any way eliminate the matter which he has appropriated, he may, upon a proper showing, be entitled to a modification of the present order, so as to allow him to publish the rest of his work. Lewis v. Fullarton, 2 Beav. 6.

Let a preliminary injunction issue, as prayed for, to continue in effect until the next session of the circuit court for this district. Rev. St. § 719.