GEORGE T. BISEL CO. v. WELSH et al.

(Circuit Court, E. D. Pennsylvania. August 1, 1904.)

No. 38.

1. COPYRIGHT—INFRINGEMENT—PRELIMINARY INJUNCTION.
   Where defendant published a digest of the laws of Pennsylvania for the years 1895–1903, inclusive, in one volume, edited and compiled by the same person who compiled complainant's copyrighted digest of the laws of Pennsylvania, with supplements for the years 1895–1897, and it appeared that the compiler made 11 errors, consisting of incorrect citations in complainant's work, which appeared verbatim in defendant's compilation, such errors justified an inference of infringement of complainant's copyright entitling complainant to a preliminary injunction; the only explanation offered therefor being that the similarity of mistake was accidental.

In Equity. Granting a preliminary injunction.

Frank P. Prichard and John G. Johnson, for complainant.
F. F. Brightly and A. S. L. Shields, for respondents.

HOLLAND, District Judge. The complainant is the owner of the copyright for the Twelfth Edition of Brightly's Purdon's Digest of the

¶ 1. See Copyrights, vol. 11, Cent. Dig. § 76.

Laws of Pennsylvania, issued 1894, and two supplements, of the same title, for the years 1895 and 1897 (hereinafter called "Supplements"). These three editions were digested and compiled by Frank F. Brightly, one of the defendants, under contract with Kay Bros., from whom complainant purchased the copyright in the spring of 1902. Subsequently, in the early part of 1903, the same Frank F. Brightly digested and compiled the Laws of Pennsylvania for the years 1895, 1897, 1899, 1901, and 1903 in one volume under the name, style, and title of "Brightly's Digest of Laws of Pennsylvania 1893 to 1903" (hereinafter called "Brightly"), adopting the same general plan as to type, arrangement of subject, cross-references, synopsis, and general appearance of that of the Supplements of 1895 and 1897, but with much more elaboration and detail as to titles, subtitles, cross-references, and notes.

Mr. Brightly, in compiling the Supplements of 1895 and 1897, as was usual, made a number of errors, 11 of which appear verbatim in his subsequent volume of Brightly. They consisted in citing a wrong page upon which an act or section of an act of assembly could be found. The nature and kind of all these errors appearing in both volumes is fully indicated by the following:

The Supplement of 1897, page 2710, in the list of acts under heading "Acts of Assembly," subheading "6 Repealed Acts," cites the act of 22d March, 1817, section 4, as "6 Sm. L., 48." Brightly's volume, page 13, in the list of acts under the head "Acts of Assembly," subheading, "6 Acts Repealed," cites the act of March 22, 1817, section 4, as "6 Sm. L., 48." This act occurs at page 438 of volume 6 of Smith's Laws.

In the list of amended, repealed, and partly repealed acts in the Supplement of 1897 three omissions occur, which were evidently an oversight of Mr. Brightly in digesting that Supplement. The same omissions occur in the same list in his volume of Brightly.

In the list of amended acts of assembly in the Supplement of 1897, giving first the act which is amended, and then on the same line with it the act which amends it, there is a list of 54 amended Acts, an arbitrary method of citing the page of the Pamphlet Laws where the amending act or section is adopted in the Supplement of 1897. In 15 instances, Mr. Brightly cited the page of the Pamphlet Laws on which the entire act commenced, and not the page on which was found the amended section, and in 39 cases the author cited the page of the Phamphlet Law of 1897 on which the amending clause occurred, and not the page of the Pamphlet Law on which the act commenced. No reason appears for the distinction adopted by the compiler, and none is offered in the answer or affidavits of the defendants. Brightly's edition has duplicated this paging exactly, adding to it the amendments subsequent to 1897. It is difficult to understand how this could be done five years afterward, except by copying.

The complainant contends that the defendants have infringed upon their copyright, in that they have made an unfair use of the Supplements of 1895 and 1897, and have copied therefrom, and that this is established by the same errors, same omissions, and similarity of statement appearing in the Supplements and Brightly.

Defendants deny the use of the Supplement to any extent whatever in the preparation of Brightly, and Mr. Brightly himself gives a de-

tailed account in his affidavit of the work and method pursued in the digesting and compiling the volume complained of, in which it is contended that Brightly's Digest, being a digest similar to the Supplements, for which the material was necessarily secured from the same original source, and the work having been done in both instances by the same person, the result would necessarily be similar—in fact almost the same; and then follows an explanation as to the errors, omissions, and sameness of arrangement, which amounts to saying it occurred accidentally.

At the hearing, some of the original work was produced, showing that in the preparation of Brightly the acts of assembly of 1895 and 1897 were used and cut up in the process of digesting and pasted upon cardboard. This was produced in court, and showed that there was undoubtedly original work done on the acts of assembly of 1895 and 1897 in compiling Brightly. In fact, the Brightly Digest was of such a different scope, taking in five sessions of the Pennsylvania State Legislature, which were to be digested into one volume in alphabetical order as to subject, and the Supplements being only for one year, that it was necessary to do original work on the acts of each session, although some of the material of the Supplements could have been used in Brightly; but as to the amount there is much uncertainty, as defendants deny having made any use at all.

Notwithstanding, however, the explanations offered in this preliminary motion, I am not satisfied that Mr. Brightly did not make an unfair use of the complainant's Supplements of 1895 and 1897. In a case like this, where the same kind of a digest is to be compiled from the same material, by the same man, similarly arranged, the existence of the same errors in the two digests offer one of the surest tests of copying. The improbability that the same mistakes would have been made, even by the same author, in both volumes, compiled five and six years apart, if in both instances he had done original work, suggests such a cogent presumption of copying from the former into the latter digest that it can only be overcome by clear evidence to the contrary. List v. Keller (C. C.) 30 Fed. 772. It may be that at the final hearing he can explain and satisfy the court that there was no copying of the Supplements in his Brightly. But as these errors, omissions, and similarity of language occurring in the Supplements are exactly reproduced in Brightly, and the explanation as to how it occurred being unsatisfactory, under the ruling of Callaghan v. Meyers, 128 U. S. 617, 9 Sup. Ct. 177, 32 L. Ed. 547, List v. Keller (C. C.) 30 Fed. 772, Trow Directory Company v. U. S. Directory Co. (C. C.) 122 Fed. 191, the complainant is entitled to a preliminary injunction.