## FRANK SHEPARD CO. v. ZACHARY P. TAYLOR PUB. CO.

(Circuit Court, W. D. New York. March 15, 1911.)

**1.** COPYRIGHTS (§ 83*)—INFRINGEMENT—COPYING—PROOF.

Where, in a suit for infringement of a copyright on published annotations or citations of judicial decisions, the record contained a list of 138 errors or inaccuracies, fairly shown to have been first published in complainant's copyrighted book and reproduced in subsequent issues, consisting of faulty pagination, incorrect numbering of volumes, and improper omission of citations also contained in defendant's works covering the same field, complainant established a prima facie case of infringement under the rule that, when a close resemblance is a necessary consequence of the use of common materials, the occurrence of the same errors in the two publications afford one of the surest tests of copying, and suggest such a cogent presumption of copying by the later compiler that it can be overcome only by clear proof to the contrary.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 74–76; Dec. Dig. § 83.*]

**2.** COPYRIGHTS (§ 83*)—INFRINGEMENT—UNFAIR USE—PRESUMPTIONS.

Where it is proven from internal evidence that a subsequent law digester has made an unfair use of any part of the syllabi of his predecessor, it may be fairly presumed that he made use of more than appeared on the face of his work.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 74–76; Dec. Dig. § 83.*]

**3.** COPYRIGHTS (§ 89*)—INFRINGEMENT—SCOPE OF RELIEF.

Where the nature of the work of defendant's infringing publication was such that it was impossible to separate that which was copied from complainant's copyrighted work and used by defendant, from that which was original, and defendant does not make a segregation of the pirated from the original matter, defendant's publication will be entirely enjoined subject to defendant's right to move for permission to publish such portions of the work as may be thereafter shown not to have been copied.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 49, 83; Dec. Dig. § 89.*]

In Equity. Bill by the Frank Shepard Company against the Zachary P. Taylor Publishing Company. Decree for complainant.

Edward M. Grout, Paul Grout, and F. Sidney Williams, for complainant.

Werner & Harris, for defendant.

HAZEL, District Judge. The complainant, the Frank Shepard Company, and defendant, Zachary P. Taylor Publishing Company, corporations, are competitors in the business of compiling and publishing annotations or citations of judicial decisions appearing in the Court of Appeals Reports, the Supreme Court and Appellate Division Reports, and the Miscellaneous Reports of the State of New York. Such publications purport to give cross-references and to show whether the cases cited have been subsequently affirmed, reversed, or modified, and complainant in its book indicates by a numeral the particular subject discussed in the opinion which may be found in the syllabus of the case where it is reported. The general plan of the publications is to periodically reproduce a bound volume of the preceding annotations,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with additions of cases decided since the preceding issue. The complainant issues its books quarterly and delivers them to its subscribers in the months of March, June, September, and December. The record shows that prior to the year 1902 the citations or annotations were printed on slips or pages of gummed paper suitably perforated to enable tearing and pasting on the margin of the pages of the different cases to which the citations refer. At a later date the citations made their appearance in book form with blank spaces on pages for pasting in the subsequent decisions. In March, 1904, 'the present plan or arrangement was followed by complainant, and the annotations were printed in bound volumes and issued to the legal profession periodically as above indicated. Since the incorporation of the defendant in 1906, it has printed and issued its volumes semiannually in the months of February and July, in the cumulative plan, and usually delivered the same to the legal profession after complainant's book of the preceding quarter was published and circulated. In place of a numeral indicating the important point discussed in the cited decision a topical word or phrase is printed and used in connection with the citation. This method was adopted by the defendant on its incorporation in 1906, when it succeeded to the business and prior publications compiled and published by Zachary P. Taylor, Esq., individually,

The particular acts of the defendant of which the complainant complains is that the defendant, its servants, and employés took and used a large number of complainant's citations necessary to compile the first issue published and circulated subsequent to its incorporation; that such citations were used by the defendant, together with that which was already in its possession and which it had legitimately obtained from the individual publication of Zachary P. Taylor. It is also claimed that the defendant used complainant's issue of 1902 and its successive issues down to June, 1906, as a basis for its issue of July, 1906, and continued to copy such citations in its subsequent publications.

The record contains a list of 138 errors or inaccuracies which are fairly shown to have been first published in the copyrighted issue of complainant. The first of such errors appeared in 1902, and were reproduced in the subsequent volumes and continued down to the issue of March, 1904, at which time the paster plan was abandoned by complainant and the cumulative system of publishing the citations adopted. It is shown that in the copyrighted issue of December, 1908, is contained a continuation of all the citations and information of previous issues, and according to the evidence the errors and mistakes discovered at this time by complainant in its publications were traced and their origin ascertained. Upon investigating and examining the defendant's publications, the precise errors and mistakes previously found in the complainant's books, consisting of faulty pagination, incorrect numbering of volumes and improper omission of citations, etc., were also found in defendant's volumes. Such errors relate indiscriminately to cases reported in the Court of Appeals Reports, Hun and Appellate Division Reports, and Miscellaneous Reports. The defendant earnestly denied using complainant's book of citations, and further

contends that it is not affirmatively shown that the errors or inaccuracies first made their appearance in the manner claimed, and it is intimated that because none of Mr. Taylor's original books of citations printed prior to the year 1906 were found in existence that such common errors might first have been printed in the issue of defendant's predecessor.

By the evidence of the witness Geiger it is shown that all of complainant's successive books from the year 1902 were carefully and diligently examined by him and the errors or mistakes discovered and listed; that he then searched the defendant's publications, examining all the available volumes beginning in July, 1906, and ending in February, 1907, and he swears that in each instance the said errors and inaccuracies were first found to have been published in complainant's books. While such testimony does not directly or conclusively trace all the errors beyond the year 1902, and in view of Taylor's individual work prior to the year 1906, it is not altogether improbable that some of the common errors might first have appeared in Mr. Taylor's earlier work, yet I think that the complainant as to the original appearance of the common errors has made out a prima facie case, and the defendant, who is charged with infringement of the copyrighted books, was bound to make satisfactory explanations and prove such errors or mistakes to have first appeared in its books or collection of printed citations or in the books of its predecessor. The law is well settled in List Pub. Co. v. Keller (C. C.) 30 Fed. 772, where it is said:

"In a case like this, when a close resemblance is the necessary consequence of the use of common materials, the instances of the same errors in the two publications affords one of the surest tests of copying. The improbability that both compilers would have made the same mistakes if both had derived their information from independent sources suggests such a cogent presumption of copying by the later compiler from the first that it can be overlooked only by clear evidence to the contrary. Mawman v. Tegg, 2 Russ. 383; Spiers v. Brown, 31 Law T. 16; Lawrence v. Dana, 2 Amer. Law T. Rep. [N. S.] 402, Fed. Cas. No. 8,136."

No satisfactory explanation to the contrary has been made by the defendant. Reliance is placed on the testimony of its editor and employés, though not all of them were sworn, that since 1906 they did not make any use whatever of the citations or work specified in the bill. Direct evidence of fraudulent acts is rare and is obtainable in comparatively few cases. The presumption from the similarity and peculiarity of the mistakes and errors found in both publications to my mind indicates the existence of a continuous and systematic appropriation of the copyrighted books in evidence by defendant's employés and for the purpose of saving themselves the trouble and labor attendant upon original investigation of the decisions. Certainly the assertion that the errors were accidental or typist's errors would seem most incredulous. The court has examined the comparisons of citations submitted by both parties, together with the explanations pro and contra and testimony offered in opposition to the charge of infringement, but nevertheless it is thought clear from the peculiarity of the common errors in the different publications that unfair and improper use has been made by defendant of the copyrighted editions in ques-

tion, and that many of complainant's citations of cases were incorporated by defendant in its books. The complainant argues that the defendant has also used the figures in the copyrighted books denoting the particular syllabus of the cited case to assist in its compilation and to readily ascertain the principal question of law discussed in the case cited, but any such claim is not proven.

It is the law of this circuit that when it is proven from internal evidence that a subsequent digester has made an unfair use of any part of the syllabi of his predecessor it may be fairly presumed that he made use of more than appeared on the face of his work. This enunciated rule reported in West Pub. Co. v. Lawyers' Co-operative Pub. Co., 79 Fed. 756, 25 C. C. A. 648, 35 L. R. A. 400; is thought applicable to the facts under consideration. Hartford Print. Co. v. Hartford Directory Co. (C. C.) 146 Fed. 332; Greene v. Bishop, 8 Fed. Cas. No. 5,763; West Pub. Co. v. Edward Thompson (C. C.) 169 Fed. 833.

As to the relief, the nature of the work was such that it is impossible to separate that which was copied and used by the defendant and that which was original, and under the circumstances the court feels constrained to apply the rigorous rule that a defendant who has committed the unlawful act and benefited by the prior research, work, and authorship of another must abide the consequence. Callaghan v. Myers, 128 U. S. 617, 9 Sup. Ct. 177, 32 L. Ed. 547. In the present form of defendant's book of citations and under the circumstances in which it has been issued, its publication and sale must be enjoined in its entirety.

In West Publishing Co. v. Lawyers' Co-operative Publishing Co., supra, Judge Lacombe, speaking for the Circuit Court of Appeals on this point, says:

"In such a condition of affairs, whereby the misconduct of defendant's employés a part of complainant's copyrighted work has been appropriated by defendant and so mingled with original matter contained in its publication that no one except its own employés who did the wrong can segregate the pirated from the original matter, and they do not make such segregation, the whole work, or so much of it as is tainted by the workmanship of the unfair users, should be enjoined and accounted for." ·

This ruling has frequently been applied in analogous cases. Williams v. Smythe (C. C.) 110 Fed. 961; Hartford Printing Co. v. Hartford Directory Co., supra.

My conclusion is that the further publication and sale of defendant's book must be enjoined, subject, however, to any motion the defendant may make to be permitted to publish such portions of the work as is shown not to have been appropriated. The complainant may have perpetual injunction as prayed for and the relief as to damages and profits demanded in the bill, with costs.