## FRANK SHEPARD CO. v. ZACHARY P. TAYLOR PUB. CO.

(Circuit Court of Appeals, Second Circuit.   March 20, 1912.)

**1. COPYRIGHTS (§ 83*)—INFRINGEMENT—EVIDENCE OF COPYING.**

Where, in a suit for infringement of copyright on citations of law reports, defendant's annotator testified that he had never used complainant's books at all, evidence of common mistakes in citations covering a period which were not copyrighted, and which he might have used at his election, was admissible as evidence of copying.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 74–76; Dec. Dig. § 83.*]

**2. COPYRIGHTS (§ 83*)—LEGAL PUBLICATION—COMMON ERRORS—PRIMA FACIE CASE.**

In a suit for infringement of copyright on legal publications, proof of a considerable number of errors common to both publications occurring first in complainant's work, and that none occurred first in defendant's work, created a prima facie case of copying by defendant, which it was bound to explain.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 74–76; Dec. Dig. § 83.*]

**3. COPYRIGHTS (§ 83*)—INFRINGEMENT—COPYING—BURDEN OF PROOF—EXPLANATION.**

While, in a suit for infringement of copyright, the burden of proof is on complainant throughout, yet, on complainant's proving a considerable number of common errors occurring first in its own publication and none occurring first in defendant's work, the burden of explanation was shifted to the defendant.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 74–76; Dec. Dig. § 83.*]

**4. COPYRIGHTS (§ 89*)—INFRINGEMENT—REMEDY.**

Where, in a suit for infringement of copyright on legal citations, defendant offered nothing but conjecture to explain a large number of common errors first occurring in complainant's publication, it would be necessarily inferred that complainant's work was similarly used as to the correct citations to an extent that could not be determined, authorizing an injunction against defendant's work in its entirety.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 49, 83; Dec. Dig. § 89.*]

Appeal from the Circuit Court of the United States for the Western District of New York.

Suit by the Frank Shepard Company against the Zachary P. Taylor Publishing Company for infringement of copyright. Judgment for complainant (185 Fed. 941), and defendant appeals. Affirmed.

George P. Keating, for appellant.
Edward M. Grout, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. The complainant, which was incorporated in 1900, carried forward the citations of the New York Court of Appeals, Supreme Court, and Miscellaneous Reports (being the courts of record other than the Court of Appeals and Appellate Division), which had been published by Frank Shepard, the first as early as

1892, the second as early as 1887, and the last from the beginning in 1893. Shepard died in 1902. His original system was to publish a paster leaf upon which all the citations of cases in one volume of reports to date of issue were printed consecutively, which leaf might be pasted in the beginning of the volume and kept down to date by pasters subsequently issued, or the leaf could be cut up and the citations of each case pasted on the margin of the page where the title of the cited case appeared. In April, 1902, the complainant began to publish its citations in book form, kept down to date by pasters subsequently issued. From that time it began to copyright its issues. In March, 1903, it adopted the present or cumulative system; that is, issuing a book quarterly which brings the citations from the beginning down to date. It will thus be seen that all the citations which were carried forward by the complainant down to April, 1902, had become public property, and were not protected by the copyrights then and thereafter taken out. This includes the citations of the Court of Appeals Reports to 170 N. Y., of the Supreme Court to 70 App. Div., of the other courts of record to 37 Misc., to 5 Silvernail's App. Cas., 10 Ann. Cases, 75 N. Y. Supp., and 85 American State Reports.

Zachary P. Taylor began to publish citations of the Supreme Court reports from 1890, of the Miscellaneous Reports from 1900, of the Court of Appeals reports from 1901, and of the New York Supplement from 1904. His business was taken over and his annotations carried on by the defendant, the Zachary P. Taylor Publishing Company, incorporated in 1906. The citations were published first in pasters, afterwards in books and then in cumulative parts (issued twice a year), just as the complainant's were. At first each of these writers simply stated whether the cited case was affirmed, reversed, distinguished, or explained. Afterwards each analyzed the cited cases to determine what part of the cited case was under consideration. Shepard indicated by a small Roman number which paragraph of the syllabus of the cited case was discussed, while Taylor grouped the cases under catch words. In other words, Shepard used a key number and Taylor a key word.

[1] The complainant charges that it found 138 common errors in some 50 pages of citations of the three series of reports examined for that purpose, issued by it and the defendant, taken at random, of which 13 are citations which never existed. The charge of infringement against the defendant by unfair copying of its citations is founded on this evidence. But if those common errors, which consist of citations not covered by the complainant's copyright, are stricken from the list, it will be found that only 73 common errors remain. However, as Taylor, the annotator, who began annotating on his own account in 1890 and now continues for the defendant, says that he has never used the complainant's books at all, these citations which he had a right to use if he wanted to would still be available as evidence of copying. The trial judge concluded that 138 errors common to both publications had been fairly shown to have been first published by the complainant. Of course, if there has been copying, the important question is, which party copied, and that depends upon whether the

common error first appeared in the complainant's publication or in the defendant's. When the case came to us, we found that the series of publications in evidence before us contained so many gaps as to leave us in doubt upon the question. Accordingly, we called upon counsel to furnish us a table referring to the exhibits and showing at least 25 instances of common error in both publications as to citations contained, or said to be contained, in volumes of the reports published after June 1, 1906. The complainant has done so, showing 29 such errors which we are satisfied after examining the exhibits occurred first in the complainant's publication.

The defendant argues that both parties may have copied these errors from an earlier publication, say the West Publishing Company's Blue Book of Citations, or the tables of cited cases contained in the official reports. But it offers no proof of this.

[2] We think that the proof of a considerable number of errors common to both publications occurring first in the complainant's and none occurring first in the defendant's created a prima facie case of copying by the defendant which it was bound to explain.

[3] The burden of proof, it is true, was on the complainant throughout, but on this state of the case the burden of evidence—that is, of explanation—was on the defendant.

[4] Nothing but conjecture being offered, we feel obliged to apply the severe rule of Callaghan v. Myers, 128 U. S. 617, 9 Sup. Ct. 177, 32 L. Ed. 547, and West Publishing Co. v. Lawyers' Co-op. Pub. Co., 79 Fed. 756, 25 C. C. A. 648, 35 L. R. A. 400. The inference from the unfair use of the complainant's work in these instances of erroneous citations is that it was similarly used as to the correct citations to an extent that cannot be determined.

The decree is affirmed, with costs.