### INVESTMENT SERVICE CO. v. FITCH PUB. CO.

(Circuit Court of Appeals, Seventh Circuit. June 29, 1923.)

No. 3239.

1. Copyrights ⊜⇒83—Reproduction of errors warrants inference of copying.

Where errors in typography and matter appearing in a copyrighted publication appeared also in defendant's publication in sufficient numbers to repel any theory of accidental coincidence, and to warrant a finding of intentional trespass on the copyright, the inference was justified that the defendant's copying was not confined to copying complainant's mistakes.

2. Copyrights ⊜⇒86—Publication of whole book can be enjoined, where innocent matter cannot be separated.

An injunction against the publication of defendant's entire book was not error, where from the record, it was impossible to determine what innocent matter, if any, was embodied in the book.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity for infringement of copyright by the Fitch Publishing Company against the Investment Service Company. Decree for complainant, and defendant appeals. Affirmed.

Allan M. Reed and Frank F. Reed, both of Chicago, Ill., for appellant.

Geo. L. Wilkinson, of Chicago, Ill., for appellee.

Before BAKER and EVANS, Circuit Judges.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BAKER, Circuit Judge. Appellee's suit resulted in a decree which adjudged that appellant's "Investment News' Directory of Investment Bankers and Brokers of America, 1922," was an infringement of appellee's 1921 copyright of "Fitch Listings of Investment Banks and Brokers in United States and Canada."

By stipulation of counsel the cause was submitted for final hearing upon the affidavits and exhibits which had been used in supporting and in opposing appellee's motion for a preliminary injunction.

[1] Errors in typography and in matter appearing in appellant's book first occurred in appellee's. There were enough errors to repel any theory of accidental coincidence and to warrant a finding of intentional trespass upon appellee's property. Such a situation justified a further finding that appellant's copying was not confined to copying appellee's mistakes. Weil on Copyright Law, pp. 460, 461; Frank Shepard, Co. v. Zachary P. Taylor Pub. Co. (C. C.) 185 Fed. 941; Id., 193 Fed. 991, 113 C. C. A. 609.

[2] Since it is impossible for us to determine from this unsatisfactory record what innocent matter, if any, was embodied in appellant's book, we cannot predicate error on the court's action in enjoining the entire book. Callaghan v. Myers, 128 U. S. 617, 9 Sup. Ct. 177, 32 L. Ed. 547; West Pub. Co. v. Lawyers' Co-op. Pub. Co., 79 Fed. 756, 25 C. C. A. 648, 35 L. R. A. 400; Chicago Record-Herald v. Tribune Ass'n (C. C. A.) 275 Fed. 797.

Respecting appellant's contention that appellee came into equity with unclean hands, in that it copied largely from a third party's directory, we find that the record does not require us to deny the trial judge's right to accept appellee's affidavits as establishing that appellee's book was based wholly upon independent and original matter.

The decree is affirmed.