### WILKIE v. SANTLY BROS., Inc., et al.

District Court, S. D. New York.
Nov. 26, 1935.

Phillips & Nizer, of New York City (Louis Nizer and Arthur B. Krim, both of New York City, and George B. Harris, of San Francisco, Cal., of counsel), for plaintiff.

Goldie & Gumm, of New York City (William V. Goldie and Zachary Lehrich, both of New York City, of counsel), for defendants.

COXE, District Judge.

This is a suit for infringement of a common-law copyright of a song entitled "Confessing" which was composed by the plaintiff in 1927 and 1928. The song was never published, but was privately performed by the plaintiff for a small number of persons in California at different times prior to 1929. The alleged infringing composition is a song called "Starlight" which was composed by the defendant Petkere in the fall of 1931. This song was published and copyrighted by the defendant Santly Brothers, Inc., in December, 1931, and has since then enjoyed a fair amount of commercial success.

The jurisdiction of the court is based on diverse citizenship.

It is not contended that the words of "Confessing" were pirated, but it is insisted that the music of the two songs is so nearly alike as to warrant an inference of copying. The defendants deny copying or opportunity for copying; they assert also that "Starlight" was an original composition, entirely unrelated to "Confessing," and that any portions which are similar to "Confessing" were taken independently from common sources in the public domain.

There is no direct evidence in the case that the defendants had access to the plaintiff's song, but access may be inferred from circumstances in the same way that any other fact is proved; and, although in a common-law copyright the range of contacts is necessarily restricted, I cannot say that it is entirely improbable that at some time prior to 1931, Miss Petkere may have had access to the melody of "Confessing."

The theme of "Confessing" is found in the first eight bars of the chorus. These bars occur all told four times in the song —once in the introduction and three times in the chorus; and it is against them that

the main attack of the defendants has been directed. They contain a four-bar chromatic progression very similar to that of "Violets" (1900) and a number of other earlier melodies; but after the first four bars, there is a distinctive digression entirely original with the plaintiff; and the defendants have been unable to find anywhere in the whole field of music the same combination of notes appearing in the entire eight bars. Manifestly, this is sufficient to entitle the plaintiff to protection for his song as an original composition. Emerson v. Davies, 8 Fed.Cas. 615, No. 4,436; Fisher, Inc., v. Dillingham (D.C.) 298 F. 145; Guthrie v. Curlett (C.C.A.) 36 F.(2d) 694.

Unquestionably the melodies are strikingly alike in sound, and a comparison of the note structures shows almost complete identity in the first eight bars of the introduction, and the first fifteen and the last ten bars of the chorus, or over three-quarters of the most significant parts of the two songs. This, however, does not tell the full story, for the cadences appear at exactly the same places in both pieces, and where the direction of the melody changes in the fifteenth bar of the chorus of "Confessing" it likewise changes at the same point in "Starlight," and in identically the same way.

I do not believe that similarities such as these could have been the result of mere accident or coincidence. Undoubtedly, the first five bars of "Violets" has been substantially reproduced in both songs, but that does not account for the exact duplication in "Starlight" of the original digression made by the plaintiff in the remaining portion of his theme. Nor does it explain how the alteration of the melody in the fifteenth bar of the chorus happened to occur in "Starlight" at the same place and exactly in the same way as it appears in "Confessing."

The argument that "Starlight" was built up independently from common sources in the public domain is, I think, completely answered by Miss Petkere's own testimony; for she testified that she had had no previous technical musical training, and was totally unfamiliar with all of the earlier melodies referred to at the trial, except "Violets"; and her whole background was such as to preclude any reasonable probability that she could have gone to the public domain for her material. Moreover, she stated that her song was entirely spontaneous, and composed without reference to the common sources, indicating clearly that these sources were given no real consideration. The case, therefore, falls squarely within the ruling of Judge Learned Hand in Fisher, Inc., v. Dillingham, supra, where it was held that the public domain must be used if it is to afford protection against copyright infringement.

There may be a decree for the plaintiff, with costs.