WILKIE v. SANTLY BROS., Inc., et al.
No. 433.

Circuit Court of Appeals, Second Circuit.
July 12, 1937.

Julian T. Abeles, of New York City, for appellants.

Phillips & Nizer, of New York City (Louis Nizer and Arthur B. Krim, both of New York City, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

This appeal is from a decree holding that appellants infringed appellee's musical composition "Confessing" in their composition "Starlight, Help Me Find The One I Love." Appellee composed his chorus "Confessing" in 1927 and completed the composition in 1928, and although never copyrighted or publicly performed, it was transcribed in manuscript form by him and privately performed for a number of people. This date of composition was established by the depositions of four witnesses who testified to the private exhibition to them of the manuscript and its performance to them at times prior to 1931. One of the manuscript copies was copyrighted without appellee's permission, by his wife, on April 11, 1931. Appellant, Petkere, testified she composed "Starlight" in November, 1931, and it was copyrighted by the appellants December 28, 1931.

It was claimed below that there was lack of originality in appellee's composition, but the judge, who saw and heard the witnesses, found that appellee's composition was original and copied by the appellants, and based his finding upon the identities of the two compositions.

Mere similarity would, of course, be insufficient if the compositions are the fruits of independent conceptions. Sheldon v. Metro-Goldwyn Pictures Corporation, 81 F.(2d) 49 (C.C.A.2) certiorari denied 298 U.S. 669, 56 S.Ct. 835, 80 L.Ed. 1392; Nutt v. National Institute, 31 F.(2d) 236 (C.C.A.2); Gross v. Seligman, 212 F. 930 (C.C.A.2). In Arnstein v. Marks Music Corporation, 82 F.(2d) 275 (C.C.A.2), this court pointed out the need for showing plagiarism in order to establish infringement of a copyright. Where similarities or identities are relied upon, they must do more than engender a suspicion of piracy; they must establish piracy with reasonable certainty. There was some evidence here of the possibility of physical access by the appellants; the court below did not so find. But the charge of infringement does not fail merely because the infringer is not caught in the act, for access may be inferred or found circumstantially from the plan, the arrangement, and the combination of materials contained in the composition. Edwards & Deutsch Lithographing Co. v. Boorman, 15 F.(2d) 35 (C.C.A.7), certiorari denied 273 U.S. 738, 47 S.Ct. 247, 71 L.Ed. 867. Experts, trained in the art of music, who were produced at the trial, referred to the various indicia of copying and plagiarism which, in their judgment, no amount of coincidence could explain. Internal proof of access may rest in an identity of words or in the parallel character of incidents or in a striking similarity which passes the bounds of mere accident. General Drafting Co. v. Andrews, 37 F. (2d) 54 (C.C.A.2); W. H. Anderson Co. v. Baldwin Law Pub. Co., 27 F.(2d) 82 (C. C.A.6); Simonton v. Gordon, 12 F.(2d) 116 (D.C.S.D.N.Y.).

Appellee's expert witnesses gave testimony which sufficiently denied independent conception. Although common sources are open to all, a composer who arrives independently at his composition is entitled to protection against one who copies his work and not the earlier source. Fred Fisher, Inc., v. Dillingham, 298 F. 145 (D.C.S.D.N.Y). We should approve

the findings of the judge who heard the song played on the piano and who saw and heard the witnesses and formed his conclusion. Arnstein v. Marks Music Corporation, supra. We need not consider the sufficiency of the claim that the appellant Petkere had opportunity to acquire information as to the appellee's composition, since it was played and sung at exhibitions when she visited the Sound Studio, because upon analysis there is ample evidence of identities and similarities justifying the claim of plagiarism. Experts have credibly shown, first, the identity of the lengthy eight-bar melodic phrase inducing a strong suspicion of copying; second, the possible notes of the three-bar departure in each ·eight-bar phrase were unlimited, but the appellants chose the same notes to complete the sequence; third, the final chords, the cadences, terminating each eight-bar sequence, were the same; fourth, in both compositions there is a change in the direction of the melody marking an entirely new departure from the sequence. The whole realm of music offered appellants their choice of a new departure, even assuming an independent desire to change the direction, and yet the identical complete change in the direction of the melody was selected. Each of these identities considered alone would arouse suspicion, but considered together the accumulated weight is very strong evidence of copying.

We have a copying based on the virtual identity of thirty-two bars. The president of the appellant, Santly Bros. Inc., conceded that "Confessing" and "Starlight" were similar, and its expert virtually admitted the same.

The argument that there is a difference in the plan and construction of the compositions and that the cadences and final chords are like those of other compositions, specifically referring to "Violets" as a sample, is without merit. The extensive and forceful similarities between the two compositions have not been satisfactorily explained by the existence of a common source nor by the alleged stereotyped conventionalities which are said to pervade popular songs.

"Starlight," written under the circumstances referred to, was not the product of a chance inspiration. The evidence justified the court below in finding that it was copied.

Decree affirmed.