### BERCOVICI v. CHAPLIN et al.

District Court, S. D. New York.
June 24, 1941.

Davidson & Davidson, of New York City (Louis B. Davidson, of New York City, of counsel), for plaintiff.

Schwartz & Frohlich, of New York City (Louis D. Frohlich and Herbert P. Jacoby, both of New York City, of counsel), for defendant Charles S. Chaplin.

COXE, District Judge.

The second and third causes of action are repetitious and fully covered by the allega-

tions of the first cause of action. These two causes of action should, therefore, be stricken. The fourth cause of action merely adds to the first cause of action allegations that the plaintiff's services with respect to "The Great Dictator" were reasonably worth 50% of the net profits of the motion picture. I can see no reason why this cause of action should not be permitted to stand. The fifth cause of action alleges that the plaintiff's satire was unpublished; it was not merely an idea but a "satire of great literary and dramatic merit". There is, however, no allegation that the defendant copied the plaintiff's satire, which is a prerequisite to any recovery. Sheldon v. Metro-Goldwyn Pictures Corporation, 2 Cir., 81 F.2d 49; Wilkie v. Santly Bros., Inc., 2 Cir., 91 F.2d 978. I do not think, therefore, that the fifth cause of action is sufficient.

The motion of the defendant to dismiss the second, third and fifth causes of action is accordingly granted, with permission to amend the fifth cause of action. The motion of the defendant to dismiss the fourth cause of action is denied.