## NEWCOMB v. YOUNG et al.

District Court, S. D. New York.

Jan. 22, 1942.

Walton, Bannister & Stitt, of New York City (Edward W. Stitt, Jr., of New York City, of counsel), for plaintiff.

Julian T. Abeles, of New York City (Julian T. Abeles and Leopold Bleich, both of New York City, of counsel), for defendants.

CONGER, District Judge.

This is an action for infringement of copyright of plaintiff's musical composition entitled "Starlight."

Plaintiff, a musical teacher, resides in Fargo, N. D. She wrote the music of her composition in 1921; the words in August, 1930; and combined the words and music in September, 1930. On or about the 15th of October, 1930, plaintiff registered her song in the copyright office as an unpublished work and again in December 4, 1940, she obtained a second registration thereof of an artist's or professional copy.

There are four named defendants, of whom only one was served, Santly Bros., Inc., a music publisher.

The alleged infringing song was written by Joe Young (now deceased) and copyrighted by Santly Bros., Inc., in 1931. The title of that song is "Starlight (Help Me Find the One I Love)".

Plaintiff claims no infringement by defendant of the music, but only of the title "Starlight" and a portion of the lyrics of the chorus, to wit: the lyrics contained in the first ten bars and the last eight bars of defendants' chorus infringe the first twelve bars and the last eight bars of plaintiff's chorus.

Plaintiff claims that plagiarism is shown by (a) both songs have the same title which she says is of great importance; (b) that the most important part of the composition for identification purposes, i. e. the first and last part of the chorus of each are practically identical; (c) throughout defendants' lyrics the defendants frequently have presented the same idea expressed by the plaintiff, with slight modifications of language.

I attach no great significance to the identity of title. The copyright of the song did not give plaintiff exclusive right to the title thereof. Warner Bros. Pictures v. Majestic Pictures Corp., 2 Cir., 70 F.2d 310; Lone Ranger v. Cox, D.C., 39 F.Supp. 487. Neither does the identity of titles in this case raise any presumption of plagiarism when considered with the rest of the composition. As a matter of fact there was evidence produced on the part of the defendant that there were many songs published prior to plaintiff's entitled "Starlight". Thirteen songs were introduced in evidence, all of which were copyrighted prior to plaintiff's and which bore the title "Starlight" or "Starlight, Starbright".

Below is set forth the chorus of each song. I have italicized the portions of plaintiff's song alleged to be infringed, and the alleged infringing part of defendant's song:

Chorus of plaintiff's song:

*"Starlight Starbright,*
*First star I see tonight.*
*Starlight, Starbright,*
I wish I might have the wish I wish tonight.
Will the years just bring tears?
Happiness seems so far;
*Send me the love I'm dreaming of, oh!*
*Star, bright star."*

Chorus of defendants' song:

*"Starlight, Starlight,*
*First star I've seen tonight,*
*Help me find the one I love.*
*Starlight, Starlight.*
Who knows, you might,
Know the one I'm thinking of.
Can't you hear me sighing,
In a lonely pray'r.
Can't you see me crying,
From a-way up there,
Come closer *Starlight, Starlight,*
*First star I've seen tonight.*
*Help me find the one I love."*

I find no plagiarism here. It is obvious that the source of the lyrics of both songs is the old rhyme or ditty which goes as follows:

"Starlight—Starbright,
First star I've seen tonight;
I wish I may, I wish I might
Get the wish I wish tonight."

Plaintiff admitted on the witness stand that this old rhyme was the source of her composition. Unfortunately I have no information by way of evidence as to the source of defendants' song. The writer is dead. It is plain to me, however, that both compositions have the same source.

The subject and treatment of these two compositions is old in the art, and has long been in the public domain. Many others have written on the same subject, and the treatment is invariably the same. True, there is similarity of words and similarity of treatment, but in this case similarities do not spell infringement.

"The rule is well stated by Judge Learned Hand in the case of Fisher, Inc., v. Dillingham, D.C., 298 F. 145, 147: 'To

sustain it (an infringement suit), however, more must appear than the mere similarity or even identity, of the supposed infringement with the part in question. In this lies one distinction between a patent and a copyright. One many infringe a patent by the innocent reproduction of the machine patented, but the law imposes no prohibition upon those who, without copying, independently arrive at the precise combination of words or notes which have been copyrighted." From Harold Lloyd Corporation v. Witwer, 9 Cir., 65 F.2d 1, 4. I am satisfied that there was no copying of plaintiff's song. Any similarity between the two choruses may be readily accounted for by reference to the common source.

Other songs (in evidence) written by various lyric writers using practically the same title have evolved compositions similar in words and similar treatment to both songs. All of them were composed prior to 1930. In fact, several of them are more similar to plaintiff's song than defendant's is; i. e. "Starlight, Starbright", by Chas. M. Fillmore, copyrighted 1893; "Starlight, Starbright" (from "The Wizard of the Nile"), by Harry B. Smith and Victor Herbert, copyrighted 1895; "Starlight, Starbright", by Jean Mash and Samuel H. Speck, copyrighted 1911; "StarLight StarBright", by Dale Hamilton, copyrighted 1912; "Starlight", by Margaret E. Lacey and Eduardo Marzo, copyrighted 1917; "Starlight", by Frank J. Lynch, copyrighted 1929.

■ The similarity of sentiment, thought and treatment of each of the two songs here in issue is ·only natural and does not spell copying and/or infringement. .Apropos of this, Judge Woolsey, in Lewys v. O'Neill, D.C., 49 F.2d 603, at page 606, quoted Dr. Samuel Johnson (October 2, 1753) on this subject: "* * * A coincidence of sentiment may easily happen without any communication, since there are many occasions in which all reasonable men will nearly think alike. Writers of all ages have had the same sentiments, because they have in all ages had the same objects of speculation; the interests and passions, the virtues and vices of mankind, have been diversified in different times, only by unessential and casual varieties; and we must, therefore, expect in the words of all those who attempt to describe them, such a likeness as we find in the pictures of the same person drawn in different periods of his life."

■ I am passing the question of access in view of my holding above; it adds nothing to plaintiff's case. As a matter of fact the evidence of access is not conclusive. No actual access was proven although plaintiff alleged it in her complaint and bill of particulars. Her only proof of access was that she had printed at least 1,000 copies of her song and had mailed copies to various radio stations, orchestras and artists. There is no proof that defendant ever heard or saw her song. At most, there is here only opportunity for access; under certain circumstances this might be of value but not here.

■ Plaintiff apparently makes much of the fact that in the case of Wilkie v. Santly Bros., Inc., 13 F.Supp. 136, affirmed 2 Cir., 91 F.2d 978, this court held that the music of this defendant's song "Starlight" infringed the common law copyright of a song called "Confessing" (not the song of this plaintiff). I can draw no inference from the decision in that case. There only the music was involved; here only the lyrics. The song writer, Joe Young, was not even a party. I cannot say that because this defendant published this song —"Starlight"—with music pirated from another song that by that very token the words were pirated from plaintiff's song.

A decree should be entered awarding judgment for the defendants herein.

If findings of fact and conclusions of law are submitted, they should be triple-spaced typed, and on five days notice. The opposing counsel, if he be so disposed, should submit, on two days notice, criticisms of the proposed findings, as counterfindings will avail him nothing.