### CARPENTER v. PEOPLES–PITTSBURGH TRUST CO.
### Civil No. 1830.

District Court, W. D. Pennsylvania.
March 31, 1943.

598

William B. Jaspert, of Pittsburgh, Pa., for plaintiff.

Sachs & Caplan, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

After hearing, the Court makes the following findings of fact and conclusions of law:

## Findings of Fact.

1. This action arises under the Act of Congress of March 4, 1909, 35 Stat. 1081, as amended, U.S.C.A. Title 17, § 25.

2. Plaintiff is a citizen of the United States and resides in Pittsburgh, Allegheny County, Pennsylvania, in this district.

3. Defendant is a corporation under the laws of the Commonwealth of Pennsylvania, engaged in the general banking business and has its principal office and place of business in the City of Pittsburgh, Pennsylvania.

4. Plaintiff is the owner of the copyrighted tax schedule Exhibit "A" which, by reference, is made a part hereof and which is entitled, "Federal Estate Taxes at Rates Effective August 31, 1935 and Tax Cost Per One Thousand Dollars of Net Estate."

5. Plaintiff is the owner of the copyrighted tax schedule, Exhibit "B" which, by reference, is made a part hereof and which is entitled, "Hidden Inequities in Federal Estate Taxation."

6. Plaintiff is the owner of the copyrighted tax schedule, Exhibit "C" which, by reference, is made a part hereof and which is entitled, "Oklahoma and Federal Estate Taxes on Estates up to $10,100,000."

7. The copyrighted tax schedules "A", "B" and "C" are original compilations based on the 1926 and 1935 Federal Estate Tax.

8. The copyrights "A", "B" and "C" were first published with the copyright notice, reserving the copyright in the name of the plaintiff, D. R. Carpenter.

9. Copyrights "A" "B" and "C" were duly registered with the Registrar of Copyrights in the Library of Congress, as required by the Copyright Act, and two copies of each schedule were filed with the affidavit, as shown by Certificates of Registration issued over the seal of the Library of Congress.

10. In 1940, Prentice-Hall, Inc., a New York corporation, published a copyrighted book entitled, "Insurance and Tax Service," on which appeared at pages numbered 1336 and 1337 Exhibits "D" and "E" which, by reference, are made a part hereof. Exhibit "D" is entitled "Table III Simplified Table for Computation of Net Federal Estate Tax." Exhibit "E" is entitled "Table II For Computation of The Basic Federal Estate Tax (Tax under Revenue Act of 1926) and The Maximum Credit for Inheritance Taxes Paid to the States." Defendant distributed some of these books during the year 1940 among some of its customers.

11. Exhibits "D" and "E" were the independent conceptions of Prentice-Hall, Inc., through one of its employees, and said exhibits were not copied from the copyrighted productions of plaintiff contained in Exhibits "A", "B" and "C".

12. Defendant received some of the books containing Exhibits "D" and "E" from Prentice-Hall, Inc., and distributed the same among some of its customers after permission and arrangement with Prentice-Hall, Inc.

13. Exhibits "D" and "E" do not infringe the copyrighted exhibits of plaintiff, aforesaid.

14. Plaintiff notified defendant that it had infringed his copyright.

## Conclusions of Law.

I. Exhibits "D" and "E", the alleged infringing publications, do not infringe the copyrights of the plaintiff in this case.

II. Defendant is entitled to judgment with costs.

## Opinion.

The only question for consideration in this action is whether the alleged

infringing publications contained in Exhibits "D" and "E" infringe the copyrights of the plaintiff set forth in Exhibits "A", "B" and "C". In 18 C.J.S. Copyright and Literary Property, § 94(b), p. 216, it is stated: "There can be no infringement unless there has been a copying, either in whole or in part, of the copyrighted work, and hence the mere fact of similarity, or even identity, between two works does not of itself make one an infringement of the other. Mere priority in time does not confer a monopoly, there being a sharp distinction in this respect between copyrights and patents. As stated supra § 25, both works may be entitled to copyright, although identical, if each is an original and independent production, and similarity or identity is merely evidence of copying—more or less strong according to circumstances and the explanations which may be made of it, as shown infra § 156."

In Harold Lloyd Corporation v. Witwer, 9 Cir., 65 F.2d 1 (certiorari refused, 54 S. Ct. 94, 78 L.Ed. 1507), it is stated, inter alia:

"Copying of copyrighted work in whole or part is necessary to constitute infringement.

"Mere similarity or even identity of two works does not make one infringement of copyright on the other, in absence of copying.

    \*    \*    \*    \*    \*

"Mere priority in time does not confer copyright monopoly on one of two similar or identical works, but both may be entitled to copyright, if original and independent productions.

"One work does not violate copyright in another because of similarity between them, if result of alleged infringer's independent labors or of dealing with same subject or use of common sources by both authors."

For similar rulings, see Fisher, Inc., v. Dillingham et al., D.C.S.D.N.Y., 298 F. 145, 147, opinion by Judge Learned Hand; and Newcomb v. Young et al., D.C.S.D.N.Y., 43 F.Supp. 744.

■ Plaintiff's copyrights, Exhibits "A", "B" and "C" relate to Federal Estate taxes. The schedules contained therein were for the purpose of furnishing a method of determining estate taxes under the 1926 and 1935 Federal Acts with a minimum of mathematical calculation. The schedules published by Prentice-Hall, Inc., in the year 1940, in its book entitled "Insurance and Tax Service", relate to the same subject as that contained in plaintiff's copyrights, Exhibits "A", "B" and "C". Exhibits "D" and "E" contain considerable data embraced in plaintiff's copyrights; however, a comparison of plaintiff's copyrights, Exhibits "A", "B" and "C" and Prentice-Hall's copyrights, Exhibits "D" and "E", discloses that there is considerable difference between them. "D" and "E" published by Prentice-Hall, Inc., were an independent conception of one of its employees, now Lieutenant Smyers, who made the same without any knowledge of the data contained in Exhibits "A", "B" and "C". Prentice-Hall, Inc., did not copy plaintiff's copyrights but published only that which it believed to be original with itself. Defendant, who had been receiving such literature from Prentice-Hall, Inc., simply distributed some of these tax books. There was no infringement under the law, as aforestated, by Prentice-Hall, Inc., nor by the defendant in this action.

Judgment should be entered for the defendant, with costs.