MILLER STUDIO, INC., Plaintiff,

v.

PACIFIC IMPORT CO., Inc., Defendant.

United States District Court
S. D. New York.
Nov. 18, 1965.

---

11. Bralove v. Bralove, 57 F.Supp. 1016, 1017 (D.C.D.C.1944).

12. 172 F.Supp. 273, 276 (E.D.S.C.1959).

13. 30 F.R.D. 121, 123 (W.D.S.C.1962).

**64**

Keith, Johnston, Isner & Des Marais, New York City, for plaintiff; Guy W. Shoup, New York City, of counsel.

Harry Price, New York City, for defendant.

LEVET, District Judge.

This is a motion for summary judgment in an action for copyright infringement with respect to certain wall plaques. The complaint demands (1) an injunction restraining defendant from infringing certain copyrights and from distributing, selling, offering for sale, or otherwise disposing of copies of the infringing articles; (2) payment of damages, including treble damages; (3) accounting for gains and profits; (4) delivery; (5) costs of the action and reasonable attorney's fees; and (6) other appropriate relief.

The papers before me for consideration are as follows:

### UPON BEHALF OF PLAINTIFF

1. Affidavit of Max T. Miller, president of plaintiff corporation, sworn to August 12, 1965.

2. Affidavit of Guy W. Shoup, one of the attorneys for the plaintiff, sworn to August 13, 1965.

3. Exhibit 1, attached to the Shoup affidavit, said to be a sample of the defendant's "flirting fish" wall plaque, bearing a label with the words "Pacific" and "Japan" thereon.

4. Exhibit 2, attached to the Shoup affidavit, said to be a sample of the infringing "ballerina" wall plaque and bearing a label with the words "Pacific" and "Japan" thereon.

5. Exhibit 3, attached to the Shoup affidavit, said to be a sample of plaintiff's "flirting fish" as packaged for the trade.

6. Exhibit 4, attached to the Shoup affidavit, said to be a sample of plaintiff's "ballet trio" as packaged for the trade.

7. Plaintiff's First Request for Admission of Facts, dated July 7, 1965, and proof by affidavit of Shoup of defendant's failure to answer said Request.

8. The complaint in this action, filed December 17, 1964, unverified but signed by Guy W. Shoup. Three exhibits are attached thereto: 1(a) and 2(a), the "Flirting Fish" plaques of plaintiff, and 3(a), the "Ballet Trio" plaques of plaintiff.

### UPON BEHALF OF DEFENDANT

1. Affidavit of Harry Price, attorney for defendant, sworn to September 18, 1965.

2. Affidavit of Sidney H. Manne, acknowledged, but not sworn to, on September 17, 1965.

3. Affidavit of Irving Muh, sworn to September 12, 1964 (sic 1965).

4. The answer in this action, filed February 15, 1965, unverified, but signed by Harry Price, attorney.

### THE DEFENSE

The papers submitted in opposition to this motion for summary judgment are for the most part unacceptable and render the defense inadequate.

First, the affidavit of Price recites in substance that defendant imported these plaques from Japan, that they are of Japanese origin, that before and after defendant brought in these plaques many other firms had been and still are importing and selling such

plaques. None of these statements, however, are made upon personal knowledge, and all, therefore, must be disregarded by me. Fed.R.Civ.P. 56(e).

■ Second, Sidney H. Manne's so-called "affidavit" is acknowledged but not sworn to. He states:

"To the best of my knowledge and belief, the designs of the Wall Plaques imported by Pacific Import Corporation were original Japanese designs and not the copy of any American made article.

"I am attempting to obtain from Japan information and documents to support this contention."

This paper, since it is not sworn to, is not an affidavit. See Williams v. Pierce County Bd. of Com'rs, 267 F.2d 866 (9th Cir. 1959). Rule 56(e) of the Federal Rules of Civil Procedure demands affidavits. In any event, this "affidavit" does not state facts upon personal knowledge. Manne merely states his beliefs and his plans for acquiring information, both of which must be disregarded. Fed.R.Civ.P. 56(e).

■ Third, Muh's affidavit is purely hearsay and, therefore, not in accordance with Rule 56(e). He states: "He considers that the designs * * * appear to be Japanese in character;" "[He] has been advised * * *," and "[H]e does know that the original items were Japanese items." Muh fails to state his reasons or his sources. He concludes: "Upon *information and belief* that the designs are not original with the plaintiff * * *."

Affidavits upon information and belief must be disregarded. See Gauvreau v. Warner Bros. Pictures, Inc., 178 F. Supp. 510, 512 (S.D.N.Y.1958).

The submission of such papers is futile.

From the acceptable papers, the following relevant facts appear:

■ 1. The works of art above mentioned were wholly original with plaintiff and are copyrightable subject matter under the laws of the United States. That is alleged in paragraph 5 of the complaint and is not denied in the defendant's answer so that it must therefore, be deemed admitted. Fed.R.Civ.P. 8(d).

2. In 1954 certain wall plaques (Exhibits 1a and 2a, attached to the complaint) depicting fish with humanized male and female faces were conceived, designed and introduced to the trade by Miller Studio, Inc., which registered claims on "M86 Flirting Fish, Girl," and "M86 Flirting Fish, Boy," with the United States Copyright Office. See Miller affidavit and Exhibits A and B attached thereto.

3. In 1963 certain wall plaques (Exhibit 3a attached to the complaint) depicting ballerinas were conceived and designed and, in January 1964, introduced to the trade and Miller Studio, Inc. registered a claim on "M81 Ballet Trio" with the United States Copyright Office. See Miller affidavit and Exhibit C attached thereto.

4. Adequate copyright notices appear on each of plaintiff's wall plaques.

5. In the summer of 1964, identical copies of plaintiff's wall plaques were being offered to the trade by Pacific Import Co., Inc. and a notice to desist was sent to defendant by plaintiff's attorneys on or about July 31, 1964. See Exhibit D attached to the Miller affidavit.

■ 6. The defendant, by failing to answer or to controvert plaintiff's request for admissions,[1] has admitted the

---

1. Defendant's counsel denies receipt of the plaintiff's request. However, the original request contains an admission of service as follows: "Copy Received July 7, 1965 Ruth W. Price (For Harry Price)."

Ruth W. Price appears to be the wife of Harry Price. I see no reason to set aside the notice to admit and no such motion has been made.

sale of plaintiff's copyrighted plaques. Fed.R.Civ.P. 36(a).

7. The plaques, distributed by defendant, appear upon examination by me to be identical copies of plaintiff's plaques.

8. The defendant gave the plaintiff no assurances that it would desist.

The defendant here may not rest upon mere allegations or denials of its pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). This the defendant has not done.

The defendant's memorandum of law sets up the following defenses:

1. Plaintiff has not shown what was actually filed in the Copyright Office to secure registration;

2. Plaintiff should have registered these plaques as reproductions of works of art (Class H) and not as originals (Class G);

3. No proof of copying by defendant exists since the defendant's plaques were purchased in Japan; and

4. Defendant had no access to plaintiff's plaques.

The affidavit of Miller with the Certificates of Registration which are attached as exhibits shows what was filed in the Copyright Office. See F. W. Woolworth Co. v. Contemporary Arts, Inc., 193 F.2d 162, 165 (1st Cir. 1951), aff'd 344 U.S. 228, 73 S.Ct. 222, 97 L. Ed. 276 (1952). The Certificate of Registration is prima facie evidence of the facts stated therein, 17 U.S.C. § 209, and in the absence of contradictory evidence is sufficient proof to establish a valid copyright, Ball, Copyright § 262 (1944), and cases cited therein. Thus, there is no merit in defendant's assertion that a defense exists because plaintiff has not shown what was actually filed in the Copyright Office. Additionally defendant has submitted no acceptable proof to substantiate its claim that the plaques should have been registered as reproductions of works of art rather than as originals.

Neither does proof appear to substantiate defendant's claim that its plaques were copied from Japanese originals and not from the plaintiff's plaques. The plaintiff is not compelled to negative a claim which has not one iota of substantiation. Where, as here, the defendant has failed to show that the allegedly infringing plaques were obtained from some source other than plaintiff's plaques and, where, as here, the defendant's plaques clearly appear to be copies of plaintiff's plaques, the inference is justified that the alleged infringer copied plaintiff's plaques. Ball, Law of Copyright, § 259 at 595 (1944), citing Blackburn v. Southern California Gas Co., 14 F.Supp. 553 (S.D.Cal.1936). This is the case even though the burden of proving infringement is on the plaintiff. "Where there is a substantial identity * * *, a presumption of unlawful copying by the later author arises. While the burden of proof remains on the plaintiff throughout to prove copying, the burden of going forward with the evidence under such circumstances is on the defendant, and, in the absence of any explanation by him to account for such similarities, the plaintiff is entitled to a decree on such prima facie case." Ball, Copyright § 265 (1944), citing Frank Shepard Co. v. Zachary P. Taylor Pub. Co., 193 F. 991 (2nd Cir. 1912), General Drafting Co. v. Andrews, 37 F. 2d 54 (2nd Cir. 1930) and other cases.

There is no direct evidence that defendant had access to plaintiff's plaques, but in such a case as the present one, where striking similarities appear, access may be inferred. Wilkie v. Santly Bros., Inc., 91 F.2d 978 (2nd Cir. 1937); General Drafting Co. v. Andrews, supra. Lewys v. O'Neill, 49 F.2d 603 (S.D.N.Y. 1931), is inapposite since the acceptable evidence in that case clearly showed that the defendant had no access to plaintiff's work.

■ At the hearing on this motion, the defendant claimed that the plaintiff's plaques did not contain proper notices of copyright. The claim is without merit. Notices appear on the sides of the plaques; it is not required to place the notice on the face. Coventry Ware, Inc. v. Reliance Picture Frame Co., 288 F.2d 193 (2nd Cir.), cert. denied 368 U.S. 818, 82 S.Ct. 34, 7 L.Ed.2d 24 (1961).

I conclude that there is no genuine issue as to any material fact.

The motion for summary judgment is granted with costs against defendant.

A motion by plaintiff for the defendant to pay certain expenses and attorney's fees because of the defendant's failure to attend and proceed with the taking of a deposition noticed by the defendant has previously been denied. Memorandum endorsed September 22, 1965.

The present application of plaintiff for an allowance for legal services is denied.

The question of damages is reserved pending report of a Commissioner, if one is to be appointed.

Settle judgment on notice.