**MARISA CHRISTINA, INC., Plaintiff,**

v.

**BERNARD CHAUS, INC. d/b/a Chaus Petites, Defendant.**

**No. 92 Civ. 8237 (KC).**

United States District Court, S.D. New York.

Dec. 17, 1992.

Brett J. Meyer, Kreindler & Relkin, New York City, for plaintiff.

Oliver P. Howes, Jr., Nims Howes Collison Hansen & Lackert, New York City, for defendant.

## OPINION AND ORDER

CONBOY, District Judge:

Plaintiff Marisa Christina is seeking a preliminary injunction to prevent defendant Bernard Chaus' continued sale of sweaters that allegedly infringe upon plaintiff's copyrights. On December 3, 1992, this Court conducted a hearing to determine whether or not to grant the injunction.[1]

---

**1.** At the hearing, plaintiff's counsel called three witnesses—Michael Lerner, the president of plaintiff Marisa Christina, Grainne Hodgins, the senior designer for Marisa Christina, and Rudolf Chizzolini, the designer for Bernard Chaus. Defendant's counsel called two witnesses—Anthony Pisano, executive vice president, chief financial officer, corporation secretary, and a director of defendant Bernard Chaus, and Fran Boland, executive vice president of sales for Chaus Sport. *See* Transcript of Hearing, Dec. 3, 1992.

After reviewing the pleadings and the evidence presented during the hearing, the Court denies plaintiff's motion for a preliminary injunction.

## DISCUSSION

A preliminary injunction should be entered where the moving party establishes: a) irreparable injury; and b) either 1) a likelihood of success on the merits or 2) serious questions going to the merits to make them a fair grounds for litigation and a balance of hardships tipping in its favor. *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979). The Court will first address the second prong of the preliminary injunction standard—likelihood of success on the merits.

In order to establish a likelihood of success on the merits of a copyright infringement case, plaintiff must establish ownership of a valid copyright by plaintiff and copying by the defendant. *Novelty Textile Mills, Inc. v. Joan Fabrics Corporation*, 558 F.2d 1090, 1092 (2d Cir.1977). The copyright registration constitutes prima facie evidence of valid ownership. 17 U.S.C. § 410(c); *Novelty Textile Mills, Inc. v. Joan Fabrics Corporation*, 558 F.2d 1090, 1092 n. 1 (2d Cir.1977). In this case, plaintiff has provided copies of the registration certificates of the sweaters at issue. *See* Exhibits A, C, and E of plaintiff's affidavit in support of its motion (hereinafter "plaintiff's affidavit"). The defendant has not challenged the authenticity or validity of the registration copies, and this Court finds that these copies establish plaintiff's valid ownership of the copyrights.

In addition to establishing valid ownership, plaintiff must show copying by the defendant. Plaintiff can prove copying by showing: (1) that defendant had access to plaintiff's design; and (2) that defendant's design is substantially similar to plaintiff's design. *Kenbrooke Fabrics, Inc. v. Holland Fabrics, Inc.*, 602 F.Supp. 151, 154 (1984).

Whether one work is substantially similar to another is determined by the "ordinary observer" test, that is, in Judge Learned Hand's definition, whether the "ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir.1960); *Gund, Inc. v. Russ Berrie and Co., Inc.*, 701 F.Supp. 1013, 1018 (S.D.N.Y.1988). The question, as rephrased more broadly by the Second Circuit, is "whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Ideal Toy Corp. v. Fab–Lu Ltd.*, 360 F.2d 1021, 1022 (2d Cir.1966); *Gund, Inc. v. Russ Berrie and Co., Inc.*, 701 F.Supp. 1013, 1018 (S.D.N.Y.1988). Thus, "[t]he copying need not be of every detail so long as the copy is substantially similar to the copyrighted work." *Comptone Co. v. Rayex Corp.*, 251 F.2d 487, 488 (2d Cir. 1958); *Novelty Textile Mills, Inc. v. Joan Fabrics Corporation*, 558 F.2d 1090, 1093 (2d Cir.1977).

The Court has viewed all of the sweaters in question and finds that the defendant's sweaters are "substantially similar" to the plaintiff's. Specifically, defendant's cardigan (Exhibit G in plaintiff's affidavit) is substantially similar to plaintiff's cardigan (Exhibit B in plaintiff's affidavit). Indeed, even defendant's designer conceded with respect to the cardigans that the similarity in the designs was "amazing" and "bizarre." Transcript of Hearing, Dec. 3, 1992, pp. 50–51. The Court also finds that, although the pullovers are not as similar as the cardigans, the defendant's pullover (Exhibit H in plaintiff's affidavit) and the plaintiff's pullover (Exhibit D in plaintiff's affidavit) are sufficiently close to establish substantial similarity.

In addition to substantial similarity, plaintiff must show that the defendant had access to plaintiff's design before producing its own. The Court observes that there is no direct evidence that defendant had access to plaintiff's sweaters. However,

where striking similarities exist, as they do in the present case, access may be inferred. *Wilkie v. Santly Bros., Inc.,* 91 F.2d 978 (2d Cir.1937); *Miller Studio, Inc. v. Pacific Import Co., Inc.,* 39 F.R.D. 62 (S.D.N.Y. 1965); *Champion Map Corporation v. Twin Printing Company,* 350 F.Supp. 1332 (E.D.N.C.1971); *Stevens Linen Associates, Inc. v. Mastercraft Corporation,* 1980 WL 1155, 208 U.S.P.Q. 669 (S.D.N.Y. 1980).

■ Accordingly, the Court finds that defendant copied plaintiff's designs, and we conclude that plaintiff has established a likelihood of success on the merits of a copyright infringement case against the defendant.

■ The Court will now turn to the first prong of the preliminary injunction test—irreparable harm. In a copyright infringement case, where a prima facie case of infringement is established, there is a presumption of irreparable harm to plaintiff if a preliminary injunction is not granted. *Gund, Inc. v. Russ Berrie and Co., Inc.,* 701 F.Supp. 1013, 1025 (S.D.N.Y.1988). It is generally recognized that continued sales of the defendant's product necessarily injures the plaintiff's sales. *Id.*

■ In this case, plaintiff has established a prima facie case of infringement, and the Court, accordingly, adopts the presumption of irreparable injury. However, this presumption, like any presumption, falls when opposing evidence is offered. 4 *D. Nimmer & M. Nimmer, Nimmer on Copyright,* § 32 at 95 (1992). Defendant Bernard Chaus has presented opposing evidence. At the hearing on the preliminary injunction, defendant's counsel asserted, and plaintiff conceded, that the sweaters which plaintiff was trying to protect were last year's model and that plaintiff no longer has its sweaters in the market. Indeed,

its sweaters apparently have not been sold since the 1991 Christmas season. Transcript of Hearing, Dec. 3, 1992, pp. 100–101.[2]

We hold that the fact that plaintiff's products are no longer on the market, coupled with the implicit concession of plaintiff's counsel that the assertedly infringed sweaters do not represent a current economic asset of the plaintiff, constitutes a rebuttal of the presumption of irreparable harm. The burden of proof falls back on the plaintiff to prove irreparable harm.

■ Examining the record before it, the Court concludes that plaintiff has not met this burden. Plaintiff's chief argument seems to be that a customer who bought one of the plaintiff's sweaters from last year may see one of defendant's substantially similar copies selling at half price and feel that they were ripped off by the plaintiff. Transcript of Hearing, Dec. 3, 1992, pp. 7, 96, 103. The plaintiff has presented no evidence in the record to support what is a wholly speculative claim of injury. Plaintiff's theory of irreparable harm standing on its own is too hypothetical to form the basis for a preliminary injunction.[3]

■ Plaintiff also argues that the stores that buy sweaters from both companies may think that the plaintiff has infringed upon the defendant's copyright, or may simply think that the defendant's sweaters are actually from the plaintiff. Transcript of Hearing, Dec. 3, 1992, pp. 11, 106. Again, plaintiff has introduced no evidence in the record to support either claim, and the Court finds that both theories are too speculative to support the granting of a preliminary injunction.

Plaintiff has cited *Midway Mfg. Co. v. Artic International,* 547 F.Supp. 999 (N.D.Ill.1982), *aff'd,* 704 F.2d 1009 (7th Cir.

**2.** Plaintiff has asserted that this year's models of the sweaters in question are "possibly" very similar or the same to their counterparts from last year. Transcript from Hearing, Dec. 3, 1992, p. 101. However, plaintiff has neither attempted to submit the current models, nor asked directly for a preliminary injunction based on the copyright infringement of the "updated version." *Id.*

**3.** Plaintiff has alluded to the possibility that it may bring back last year's model. Transcript of Hearing, Dec. 3, 1992, p. 103. If and when that occurs, this Court will consider granting a preliminary injunction in the event that defendant's infringing sweaters are still being marketed. *See Weave Corporation v. Ronitex Jacquard Mills, Inc.,* 1983 WL 1124, at 1 (S.D.N.Y.1983).

1983), *cert. denied,* 464 U.S. 823, 104 S.Ct. 90, 78 L.Ed.2d 98 (1983), for the proposition that the presumption of irreparable harm in a copyright infringement case is not defeated by the fact that plaintiff's products are no longer being sold. In *Midway,* the Court granted plaintiff a preliminary injunction in a copyright action involving video games and held that the fact that the plaintiff was no longer selling the product that defendant copied was not reason enough to deny a preliminary injunction. The Court wrote:

> Defendant attempts to rebut this assumption of irreparable harm, at least so far as the Galaxian game is concerned, by noting that Midway no longer sells that game. Consequently, Midway could not possibly lose any sales as a result of defendant's infringement. Particularly in the case of the speed-up kit, however, that showing is not enough to rebut the presumption of irreparable harm. Plaintiff's reputation for high quality and distinctive video games is entitled to protection from copyright infringers, just as its potential sales are.

*Id.* at 1014 (omitting citation).

This Court disagrees with the *Midway* Court's legal analysis of the presumption of irreparable harm. A preliminary injunction is an extraordinary remedy that a court grants to prevent immediate and irreparable harm. *Medical Society of the State of New York v. Toia,* 560 F.2d 535, 538 (2d Cir.1977); *Federal Home Loan Mortgage Corporation v. Nora Associates,* 1992 WL 125520, at 3 (S.D.N.Y.1992). It is most commonly granted where plaintiff's products are in direct competition with defendant's infringing copies. *Gund, Inc. v. Russ Berrie and Co., Inc.,* 701 F.Supp. 1013, 1025 (S.D.N.Y.1988); *Iris Arc v. S.S. Sarna, Inc.,* 621 F.Supp. 916, 924 (E.D.N.Y.1985). The fact that plaintiff is no longer selling the protected product drastically reduces the sense of urgency and fatally weakens the presumption of irreparable harm that ordinarily accompanies a copyright infringement case. Plaintiff can still introduce evidence to demonstrate irreparable injury to its future sales or reputation, but the Court will not presume irreparable harm where plaintiff's product is not being sold.

In addition, the Court finds the facts of *Midway* distinguishable from the facts in the present case. In *Midway,* while the plaintiff was no longer selling the product being copied, the product remained in the stream of commerce. The video games, while not being sold by plaintiff, were being played in various arcades. Plaintiff in *Midway* argued convincingly that, despite that fact that it was no longer selling the product in question, the defendant's sale of the offending items would irreparably harm the reputation of the plaintiff. One of defendant's offending products was a device that sped up the plaintiff's video game "in such a way as to make it considerably more difficult, for the unskilled player in particular." *Id.* The *Midway* Court found that the threat of irreparable injury remained:

> It is very possible, if not likely, that that will discourage those individuals from playing Midway's video games, and so reduce the overall demand for plaintiff's games as a whole. Such damages would be impossible to measure in monetary terms.

*Id.* In this case, in contrast to *Midway,* plaintiff has not made a convincing argument as to why it will be irreparably harmed if an injunction is not issued. While plaintiff claims that its reputation will be damaged if defendant is not enjoined from selling the offending products, it has developed no record to support this claim. Indeed, in contrast to the *Midway* case, plaintiff here concedes that the defendant's sweaters are a "very good value to the customer" and of "excellent quality." Transcript of Hearing, Dec. 3, 1992, pp. 10, 22.

Plaintiff's theory of harm remains just that, a theory that is too speculative to support the granting of a preliminary injunction. The Court sympathizes with plaintiff's desire to protect its copyright, but we believe that plaintiff can be fully compensated through damages.

## CONCLUSION

While plaintiff has established a prima facie case of copyright infringement, defendant has successfully rebutted the presumption of irreparable harm. Accordingly, the plaintiff has failed to establish the necessary requirements for a preliminary injunction, and the Court denies its motion.

SO ORDERED.