## FULMER v. UNITED STATES.
### No. 50282.

United States Court of Claims.

April 8, 1952.

Frederick P. Fulmer, Pro se.

Gorden C. Biddle, Washington, D. C. with whom was Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

MADDEN, Judge.

The plaintiff sues the United States for the alleged infringement of the plaintiff's Copyright Design c CG 13752. The plaintiff prepared a design showing a top view and a side view of a parachute with irregular curved lines painted or dyed upon the cloth of the parachute. He obtained a copyright on the design. He alleges that from the information disclosed by his design, the United States produced colored parachutes. He seeks an accounting to ascertain how many such parachutes have been manufactured for the United States, and demands $2 for each one so manufactured. The purpose of the Government in coloring its parachutes was to camouflage them.

We assume that the plaintiff's design suggested a method of camouflaging parachutes, and we further assume, only for the purpose of discussion, that the idea of camouflaging parachutes was orig-

inal with the plaintiff, and was patentable. But the plaintiff did not patent it and thereby obtain a statutory monopoly of the process. On the contrary, he disclosed the method to the public, by preparing and copyrighting his design. The only monopoly which the copyright gave him was the exclusive right to reproduce the design, as an artistic figure. The Supreme Court of the United States, in Baker v. Selden, 101 U. S. 99, 25 L.Ed. 841, said:

"* * * the question is, whether the exclusive property in a system of bookkeeping can be claimed, under the law of copyright, by means of a book in which that system is explained? * * * To give to the author of the book an exclusive property in the art described therein, when no examination of its novelty has ever been officially made, would be a surprise and a fraud upon the public. That is the province of letters patent, not of copyright. The claim to an invention or discovery of an art or manufacture must be subjected to the examination of the Patent Office before an exclusive right therein can be obtained; and it can only be secured by a patent from the Government. * * * Now, whilst no one has a right to print or publish his book, or any material part thereof, as a book intended to convey instruction in the art, any person may practise and use the art itself which he has described and illustrated therein. The use of the art is a totally different thing from a publication from the book explaining it. The copyright of a book on bookkeeping cannot secure the exclusive right to make, sell, and use account books prepared upon the plan set forth in such book. Whether the art might or might not have been patented, is a question which is not before us. It was not patented, and is open and free to the use of the public."

There are cases in which the reproduction, in solid form, of copyrighted pictures, has been held to be an infringement of the copyright. In King Features Syndicate v. Fleischer, 299 F. 533, the Circuit Court of Appeals for the Second Circuit held that a toy or doll embodying a copyrighted illustration in a book was an infringement because it, like the picture, was intended to entertain and amuse. See also Fleischer Studios, Inc., v. Ralph A. Freundlich, Inc., 2 Cir., 73 F.2d 276. But a copyright of a picture showing an approach to a bridge, with a novel plan of unsnarling traffic, is not infringed by the construction of a bridge with such an approach. Muller v. Triborough Bridge Authority, U.S.D. C.N.Y., 43 F.Supp. 298.

The plaintiff's petition does not state a cause of action for the infringement of his copyright. The Government's motion to dismiss the petition is granted and plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and HOWELL, WHITAKER and LITTLETON, Judge, concur.