**Jo–Ann MARSHBURN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 14–89C.

United States Claims Court.

June 29, 1990.

Jo–Ann Marshburn, Clinton, Md., pro se.

Oscar A. Towler, III, Washington, D.C., with whom was Asst. Atty. General Stuart M. Gerson, for defendant; Thomas J. Byrnes, of counsel.

## OPINION

MARGOLIS, Judge.

This copyright infringement case is before the court on the parties' cross-motions for summary judgment. The plaintiff, Jo–Ann Marshburn, painted a mural on the walls of a government cafeteria in two segments: an original 17–foot section, and a second, 230–foot by 4–foot, 8–inch section. She claims to own a copyright in the second section, which included a depiction of an eagle to symbolize mail delivery. She further alleges that the United States Postal Service (USPS) infringed that copyright by using the exact design in its advertisements for express mail delivery. Defendant claims that it owns the copyright of the mural because it was a "work for hire" under 17 U.S.C. § 101. The plaintiff does not allege that she holds a copyright on the 17–foot section of the mural; as to that segment, the plaintiff's motion for summary judgment is denied, and the defendant's motion for summary judgment is granted. After a careful review of the entire record and after hearing oral argument, the court concludes that there are genuine issues of material fact with respect to the work completed on 230 feet of the mural, and, accordingly, both motions for summary judgment are denied as to that portion of the mural.

## FACTS

The plaintiff was, at all times relevant hereto, employed by USPS as a mail handler. Sometime during 1980, the plaintiff received permission from her supervisors to paint a mural on a wall of the employee cafeteria at the Washington Bulk Mail Center (WBMC) in Capitol Heights, Maryland. From 1980 to 1985 she worked on the mural, which was entitled "Flight of the Ea-

gle." One section of the mural allegedly depicted an eagle with the moon shadowing the eagle's eye, beak and feathered forehead. Plaintiff alleges that USPS infringed her copyright in the mural by copying this depiction on blue tractor trailers and using it as part of its advertisements for overnight delivery service.

Although the parties disagree on the conditions under which the painting was begun, both agree that the first section, which was 17 feet long, was completed during plaintiff's regularly scheduled work hours and that USPS furnished all required materials. Plaintiff does not claim to own the copyright for this portion of the mural.

After completing the original 17–foot section, plaintiff extended the mural to other walls of the cafeteria, increasing the length by some 230 feet. The parties disagree as to the circumstances surrounding the painting of the mural extension. The plaintiff claims that she completed the extension of the mural on her own time after her regularly scheduled work hours. She claims she worked as a mail handler from 6 p.m. to 1:30 a.m. and then worked on the mural from 1:35 a.m. to 6:00 a.m. She also claims that she provided her own materials to complete this section of the mural and did not obtain either approval of the design or permission from her supervisors to paint the extension. According to the plaintiff, she adapted the design from free-lance work she had done several years prior to coming to USPS. Plaintiff contends that she was not compensated in any manner for her work on the extension of the mural.

The defendant agrees that plaintiff extended the mural to other walls of the cafeteria. However, the defendant contends that the plaintiff was not permitted to work overtime on the project due to the USPS' concerns about compliance with the Fair Labor Standards Act, "nor was she permitted to work, with or without pay, at times other than during her regularly scheduled tour." Strong Affidavit, p. A–6. According to the defendant, the plaintiff was compensated for her work on the mural at her regular rate of pay. The defendant also claims that bills for the materials

required for the extension of the mural were submitted to and paid by the USPS.

The defendant argues that the plaintiff was functioning as an USPS employee when she painted the mural. Therefore, the mural was a work for hire, and USPS owns the copyright for the entire mural. The defendant denies that it copied the mural for its advertisements but suggests that, even if it had done so, the depiction of an eagle is an idea which is not susceptible to copyright protection because federal copyright law does not protect mere ideas.

## DISCUSSION

■ The plaintiff must establish three elements to sustain a cause of action for copyright infringement. First, she must show that she owns the copyright. Second, she must show that the defendant had access to her copyrighted work. Finally, she must show that "substantial similarity of both the ideas and the expression of those ideas" exists between the works of the plaintiff and the defendant. *Cooling Systems and Flexibles, Inc. v. Stuart Radiator, Inc.*, 777 F.2d 485, 491 (9th Cir.1985).

Plaintiff has not alleged that she owns the copyright to the original 17 feet of the mural. Therefore, the defendant's summary judgment motion is granted, and the plaintiff's summary judgment motion is denied with respect to that portion of the mural. The issues surrounding the ownership of the copyright to the 230–foot extension of the mural are discussed below.

### A. Ownership of the Copyright

Federal copyright law provides that "[c]opyright in a work ... vests initially in the author or authors of the work." 17 U.S.C. § 201(a). However, if the work qualifies as a "work made for hire," the employer or other person for whom the work was prepared is considered the author. Unless the parties have expressly agreed otherwise, the employer owns all of the rights comprised in the copyright. 17 U.S.C. § 201(b).

The statute defines "work made for hire" in two mutually exclusive ways. If the author is an employee of the person for

whom the work was prepared, and if the work was prepared within the scope of the plaintiff's employment, then the work is a work for hire. 17 U.S.C. § 101. The situation is different if the plaintiff is an independent contractor. The statute provides that only certain enumerated types of works may be considered works for hire when the plaintiff is an independent contractor. Paintings are not included in this list. Therefore, a painter who completes a painting as an independent contractor will own the copyright of the painting. Here, if the painting was created within the scope of the plaintiff's employment, the mural is a "work for hire" within the meaning of 17 U.S.C. § 201(b), and USPS owns the copyright. If the plaintiff completed the mural as an independent contractor, then she owns the copyright.

The Supreme Court recently considered the employee-independent contractor distinction in the work for hire definition in *Community for Creative Non–Violence v. Reid,* —— U.S. ——, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989). The Court applied common law agency principles to determine whether a person was an employee or an independent contractor. 109 S.Ct. at 2178. The Court also set forth several factors relevant to this inquiry and stressed that no one of these alone is determinative:

> In determining whether a hired party is an employee ... we consider the hiring party's right to control the manner and means by which the product is accomplished. Among other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment ... and the provision of employee benefits....

109 S.Ct. at 2178–79 (footnotes omitted).

■ Applying the factors set forth in *Reid,* the court must determine whether the plaintiff in this case was an independent contractor or an employee. Several material facts relevant to this inquiry are in dispute. The first fact in dispute is how much control the plaintiff had over when and how long she worked on the mural. If the plaintiff worked on her own time, as she claims, she had complete control over when and how long she worked. She would have been able to work or not work as she chose. Under these circumstances, it would appear that she had been functioning as an independent contractor. If, as defendant claims, the plaintiff worked on the mural only during her regularly scheduled work hours, she would have had less control over the time she spent on the mural. This relative lack of control over her work time would be more indicative of an employer-employee relationship.

Another fact in dispute is the source of the instrumentalities and tools for the mural. The parties disagree about who provided and paid for the materials the plaintiff used to complete 230 feet of the mural. The plaintiff claims that she provided her own materials, while the defendant claims that it reimbursed the plaintiff for those materials. If the plaintiff supplied the materials required to complete the painting at her own expense, it is more likely that she was functioning as an independent contractor. If the materials were supplied by USPS, it is more likely that she was an employee. The parties also dispute whether the plaintiff had the defendant's permission to extend the mural, and whether the defendant exercised, or could have exercised, any control over the design of the mural.

Considering the factors as a whole, the court is unable to determine whether the mural extension was in fact a work for hire, or if the plaintiff was an employee or an independent contractor. The factors which are in dispute are basic to the inquiry. Without a resolution of those factors, this court cannot make a determination as to whether the plaintiff owns the copyright in the 230–foot section, entitling her to bring an action for copyright infringement against the defendant.

### B. Access and Substantial Similarity

Even if plaintiff is able to establish that she owned the copyright in question, she must show that defendant had access to her work. Access to her work is an essential element of a copyright infringement action. *Cooling Systems,* 777 F.2d at 491. Without a showing of access, the plaintiff will not be able to establish her case. Further, plaintiff must show that the allegedly infringing work is substantially similar to her copyrighted work. Although plaintiff did not use the term "substantial similarity," she has alleged that the defendant copied the eagle, which she painted in her mural, on the sides of blue tractor trailers and used the eagle in its advertisements. Plaintiff alleges that the depiction the defendant uses in its advertisements includes the exact shadowing of the eagle's eye, beak, and feathered forehead which she painted. To recover, the plaintiff must establish these elements and prove those allegations.

### C. Summary Judgment

Summary judgment is appropriate only when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. RUSSC 56(c). In this case, material facts remain in dispute with respect to the circumstances under which the mural was extended. The parties disagree as to whether plaintiff was paid for painting the mural; whether she painted it on her own time; whether she supplied the materials used; and whether the defendant copied the work. The court is unable to ascertain from the record which of the plaintiff's claims, if any, are valid. Therefore, summary judgment is not appropriate.

### CONCLUSION

Because the plaintiff does not claim to own the copyright of the original 17–foot portion of the mural, the defendant's motion for summary judgment as to that section is granted, and the plaintiff's motion for summary judgment is denied. As to the 230–foot section of the mural, facts material to determining ownership of the copyright are in dispute. Therefore, both motions for summary judgment are denied as to that portion of the mural. The parties shall complete discovery within 90 days from the date of this opinion.