Robert Steven MEADE
(Pro Se), Plaintiff,

v.

The UNITED STATES, Defendant.

No. 91–1688C.

United States Court of Federal Claims.

Dec. 23, 1992.

Robert Steven Meade, pro se.

Grace S. Karaffa, Washington, DC, with whom was Asst. Atty. Gen., Stuart M. Gerson, for defendant; Vito J. DiPietro, Director, and Thomas J. Byrnes, of counsel.

## OPINION

FUTEY, Judge.

This copyright infringement case is before the court on cross-motions for summary judgment. Plaintiff contends that defendant's postage stamp design infringes his copyright. Defendant counters that no infringement has occurred because plaintiff's copyrighted picture and defendant's stamp design share only uncopyrightable subject matter.

### Factual Background

Plaintiff, Robert Steven Meade, appears *pro se* before the court. Plaintiff received a certificate of registration, No. VA 135–433, from the United States Copyright Office on February 8, 1983. Plaintiff's copyright registration claims a derivative work in which the word "MOTHERLOVERS", or, in the alternative, "MOM", is imprinted

beneath a heart-shaped picture of earth. The registration deposit depicts 5 of earth's 7 continents in a somewhat elongated heart shape with the words "MOTHERLOVERS" underneath. The design uses a simple two-toned color scheme of green and bluish-black and contains no lines of latitude and longitude.

After plaintiff received his copyright registration, the United States Postal Service (Postal Service) contracted with Harry Zelenko to design a postage stamp known as the heart globe LOVE stamp (LOVE stamp). The LOVE stamp has been on sale continuously without change to its design since May 9, 1991. Unlike plaintiff's copyrighted design, the LOVE stamp depicts in rainbow colors all of earth's major land masses. The LOVE stamp includes lines of latitude and longitude on a somewhat short, swelled heart shape. The LOVE stamp's heart-shaped globe appears on a background of navy blue with white stars, and includes the word "LOVE" in the upper right-hand corner, and the inscription "USA 29" in the lower right-hand corner.

On December 12, 1991, plaintiff filed a complaint in the United States Claims Court[1] alleging infringement of his copyright, registration No. VA 135–433. The complaint does not identify the article or activity alleged to infringe this copyright; however, plaintiff indicated in pre-filing correspondence with the Postal Service that his grievance lies with the Postal Service's sale of the LOVE stamp. Defendant filed a motion for summary judgment on April 10, 1992, and plaintiff filed his motion for summary judgment on May 1, 1992.[2]

*Discussion*

I. *Summary Judgment*

 Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rules of the United States Court of Federal Claims (RCFC) 56(c) (1992); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). A fact is "material" if it might significantly affect the outcome of the suit under the governing law. *Id.* at 248, 106 S.Ct. at 2510. An issue of material fact is "genuine" if the evidence would permit a reasonable jury to return a verdict in favor of the non-moving party. *Id.*

 The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The court must resolve any doubts about factual issues in favor of the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The court may discharge the moving party's initial burden in two cases. First, if the moving party demonstrates an absence of issues of material fact, then the burden shifts to the non-moving party to show that a genuine issue of material fact does exist. *Paxon Elec. Co., Inc. v. United States*, 14 Cl.Ct. 634, 642 (1988). Alternatively, if the moving party can show that there is an absence of evidence to support the non-moving party's case, then the burden shifts to the non-moving party to proffer such evidence. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2553.

 In copyright cases, summary judgment in plaintiff's favor is proper only if defendant raises no factual issues about the ownership or validity of plaintiff's copyright and, then, only if striking and substantial similarities between plaintiff's and defendant's works exclude any genuine issue of fact about either copying or unlawful appropriation. *Twentieth Century–Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327, 1330 (9th Cir.1983); *Arnstein v. Porter*, 154 F.2d 464, 468 (2d Cir.1946);

---

**1.** On October 29, 1992, the United States Claims Court was renamed the United States Court of Federal Claims, pursuant to Title IX of the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, 106 Stat. 4506 (1992). The United States Court of Federal Claims is the successor to the United States Claims Court in all respects.

**2.** The court treats plaintiff's motion as a cross-motion for summary judgment.

*Champion Map Corp. v. Twin Printing Co.,* 350 F.Supp. 1332, 1336 (E.D.N.C.1971).

In the instant case, plaintiff argues that he is entitled to summary judgment because there is no dispute that he owns a copyright in the work that defendant allegedly copied, that defendant's designer had access to plaintiff's copyrighted work, and that defendant's work is substantially similar to plaintiff's work. Thus, plaintiff contends that he has successfully proven the three requisite elements of his infringement claim—ownership, copying (as inferred from access and probative similarity), and unlawful appropriation (resulting from substantial similarity of protectable expression).

Defendant argues that the court should deny plaintiff's summary judgment motion because factual disputes exist regarding ownership and copying. Even if an issue of fact remains as to ownership and copying, defendant further contends that summary judgment in its favor is appropriate if there exists no genuine issue of material fact regarding unlawful appropriation—either because the similarities between the copyrighted work and the allegedly infringing work encompass only unprotected subject matter, *Hoehling v. Universal City Studios, Inc.,* 618 F.2d 972, 977 (2d Cir.), *cert. denied,* 449 U.S. 841, 101 S.Ct. 121, 66 L.Ed.2d 49 (1980), or because a reasonable lay observer would not consider plaintiff's and defendant's works to be substantially similar. *Walker v. Time Life Films,* 784 F.2d 44, 48 (2d Cir.), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2278, 90 L.Ed.2d 721 (1986).

II. *Copyright Infringement*

■ To prevail in his copyright infringement action, plaintiff must prove that (1) he owns the copyright at issue, and (2) defendant copied the protected elements of plaintiff's copyrighted work. *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* — U.S. —, —, 111 S.Ct. 1282, 1296, 113 L.Ed.2d 358 (1991) (*citing Harper & Row, Publishers, Inc. v. Nation Enter.,* 471 U.S. 539, 548, 105 S.Ct. 2218, 2224, 85 L.Ed.2d 588 (1985); *Atari Games Corp. v. Nintendo of Am. Inc.,* 975 F.2d 832, 837 (Fed.Cir.

1992); *Marshburn v. United States,* 20 Cl.Ct. 706, 707 (1990). *See generally,* 17 U.S.C. § 501 (West Supp.1992). Two separate components underlie plaintiff's proof of copying. Plaintiff must show that defendant copied, first, as a matter of fact, and second, as a matter of law. *Arnstein,* 154 F.2d at 468; *Stillman v. Leo Burnett Co., Inc.,* 720 F.Supp. 1353, 1357 (N.D.Ill. 1989).

Because the court finds that plaintiff's copyrighted design and defendant's LOVE stamp share only unprotectable subject matter, it need not reach the issues of ownership and copying as a matter of fact. *Data East USA, Inc. v. Epyx, Inc.,* 862 F.2d 204, 206 (9th Cir.1988); *Wickham v. Knoxville Int'l Energy Exposition, Inc.,* 739 F.2d 1094, 1097 (6th Cir.1984).

■ To prove that defendant copied as a matter of law, such that defendant's copying is actionable, plaintiff must show, first, that defendant copied protected material from plaintiff's work, *Feist,* — U.S. at —, 111 S.Ct. at 1296; *Atari,* 975 F.2d at 837, and, second, that defendant took so much protected material from plaintiff's work that the ordinary lay observer would perceive the two works to be substantially similar. *Atari,* 975 F.2d at 844; *Shaw v. Lindeheim,* 919 F.2d 1353, 1356 (9th Cir. 1990). In other words, plaintiff must show that defendant's copying "went so far as to constitute improper appropriation." *Arnstein,* 154 F.2d at 468.

■ As the Supreme Court in *Feist* explained, "[n]ot all copying ... is copyright infringement." — U.S. at —, 111 S.Ct. at 1296. Defendant may copy freely those elements of plaintiff's work that copyright law does not protect—ideas, which are, by definition, uncopyrightable, expression necessarily incident to the idea, and expression already in the public domain. *Atari,* 975 F.2d at 839. Thus, the court's initial task is to separate protectable expression from unprotectable ideas and unproprietary expression in plaintiff's work. *Id.* at 839. *See also Feist,* — U.S. at —, 111 S.Ct. at 1296.

Defendant argues that its LOVE stamp and plaintiff's copyrighted design share only two common features: (1) a heart-shaped picture of earth, which is an abstract idea, and (2) the depiction of earth's continents in roughly geographically-correct positions within the heart shape, which are indispensable to any rendering of a heart-shaped picture of earth. Defendant further contends that ideas and expressions that are indispensable to representing an idea are not copyrightable. Defendant concludes that, because the only features common to the LOVE stamp and the copyrighted design are unprotectable, defendant is not liable for infringement.

Plaintiff alleges that defendant has infringed his copyright because defendant's LOVE stamp and plaintiff's copyrighted design share the "protectible [sic] idea of a heart-shaped design of the earth accentuating the Atlantic Ocean and the continents bordering it" and that this idea is "indispensible [sic] to producing an instantly recognizable heart-shaped representation of the earth."[3] Plaintiff adds that his design and the LOVE stamp are substantially similar. On these bases, plaintiff concludes that defendant infringed his copyright.

 The first question before the court is whether a heart-shaped picture of earth is copyrightable? The court finds that such a picture is not copyrightable for two reasons. First, this picture is an idea, not an expression. In copyright law, there is a classic distinction between an "idea" and the "expression" of that idea.[4] It is an axiom of copyright law that the protection granted to a copyrighted work extends only to the particular expression of the idea and never to the idea itself. *Feist,* ── U.S. at ──, 111 S.Ct. at 1287 (*citing Harper & Row,* 471 U.S. at 556, 105 S.Ct. at 2228); *Mazer v. Stein,* 347 U.S. 201, 217–18, 74 S.Ct. 460, 470, 98 L.Ed. 630 (1954); *Baker*

*v. Selden,* 101 U.S. 99, 102–03, 25 L.Ed. 841 (1879); *Atari,* 975 F.2d at 839; 17 U.S.C. § 102(b) (West Supp.1992). Defendants will not be liable for infringement if they use only the ideas in plaintiff's copyrighted work. *Feist,* ── U.S. ──, 111 S.Ct. at 1287; *Frybarger v. Int'l Business Mach., Inc.,* 812 F.2d 525, 529 (9th Cir.1987). Defendants only may be liable for infringement if they copy a substantial portion of plaintiff's work that copyright law does protect, namely, that which is original to plaintiff's work, or, as courts more commonly refer to it, plaintiff's "expression" of general facts and ideas. *Feist,* ── U.S. at ──, 111 S.Ct. at 1290; *Mazer,* 347 U.S. at 217–18, 74 S.Ct. at 470; *Baker,* 101 U.S. at 102–03. A court's "real task in a copyright infringement action, then, is to determine whether there has been copying of the expression of an idea rather than just the idea itself." *Sid & Marty Krofft Television v. McDonald's Corp.,* 562 F.2d 1157, 1163 (9th Cir.1977).

The critical distinction between idea and expression is difficult to draw. Courts concede that there is "no principle ... as to when an imitator has gone beyond copying the 'idea,' and has borrowed its 'expression.'" *Herbert Rosenthal Jewelry Corp. v. Kalpakian,* 446 F.2d 738, 742 (9th Cir. 1971) (*quoting Peter Pan Fabrics, Inc. v. Martin Weiner Corp.,* 274 F.2d 487, 489 (2d Cir.1960)). The difference between an idea and an expression of that idea is one of degree. *See Nichols v. Universal Pictures Corp.,* 45 F.2d 119, 121 (2d Cir.1930), *cert. denied,* 282 U.S. 902, 51 S.Ct. 216, 75 L.Ed. 795 (1931).

In drawing the line between idea and expression, the court's guiding consideration is the preservation of the balance between "the interests of authors ... in the control and exploitation of their writ-

---

**3.** Plaintiff's motion for summary judgment at pp. 3–4.

**4.** The idea/expression dichotomy originated in case law. *See, e.g., Mazer v. Stein,* 347 U.S. 201, 217–18, 74 S.Ct. 460, 470, 98 L.Ed. 630 (1954); *F.W. Woolworth Co. v. Contemporary Arts,* 193 F.2d 162 (1st Cir.1951), *cert. granted,* 343 U.S. 963, 72 S.Ct. 1061, 96 L.Ed. 1360, *aff'd,* 344 U.S.

228, 73 S.Ct. 222, 97 L.Ed. 276 (1952); *Ansehl v. Puritan Pharmaceutical Co.,* 61 F.2d 131 (8th Cir.), *cert. denied,* 287 U.S. 666, 53 S.Ct. 224, 77 L.Ed. 574 (1932); *Fulmer v. United States,* 122 Ct.Cl. 195, 196–97, 103 F.Supp. 1021 (1952). The theory that ideas are not copyrightable is now codified in 17 U.S.C. § 102(b) (West Supp. 1992).

ings ... on the one hand, and society's competing interests in the free flow of ideas, [and] information ... on the other hand." *Atari*, 975 F.2d at 842 (*quoting Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 429–30, 104 S.Ct. 774, 782, 78 L.Ed.2d 574 (1984)). Thus, in defining protectable expression, the court should "neither draw the line so narrowly that authors, composers and artists will have no incentive to produce original literary, musical and artistic works, nor [should the court] draw it so broadly that future authors, composers and artists will find a diminished store of ideas on which to build their works." Paul Goldstein, *Copyright: Principles, Law, and Practice* § 2.3.1.2 (1989). *See also Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156, 95 S.Ct. 2040, 2044, 45 L.Ed.2d 84 (1975); *Atari*, 975 F.2d at 842. In the absence of a clear formula for distinguishing between an idea and expression, courts have resolved this question on an *ad hoc*, case-by-case basis. *See, e.g., Cooling Sys. and Flexibles, Inc. v. Stuart Radiator, Inc.*, 777 F.2d 485, 492–93 n. 9 (9th Cir.1985), and cases cited therein.

The court finds that a heart-shaped picture of earth is an idea, not protectable by copyright, because it believes that such a finding will achieve the proper balance between competition and protection that copyright law seeks to maintain. *See Sony Corp.*, 464 U.S. at 429–30, 104 S.Ct. at 782; *Twentieth Century Music*, 422 U.S. at 156, 95 S.Ct. at 2044; *Atari*, 975 F.2d at 842. It may be argued that a heart-shaped picture of earth is actually a specific, protectable expression of a broader, unprotectable idea such as world peace or human love. The court chooses, however, not to draw the line at such a high level of abstraction. While a heart-shaped picture of earth certainly can be considered an expression of a larger idea, such a picture is itself capable of being expressed in myriad ways, each varying depending on the selection and arrangement of continents, colors, words, and other details. Extending copyright protection to a heart-shaped picture of

earth effectively would grant the copyright holder a monopoly over the innumerable ways of expressing this picture. Allowing this picture to remain in the public domain for all artists to interpret freely, however, will foster creativity by ensuring that future mapmakers and artists have an ample store of ideas on which to build their works. *See Feist*, —— U.S. at ——, 111 S.Ct. at 1290; *Twentieth Century Music*, 422 U.S. at 156, 95 S.Ct. at 2044; *Atari*, 975 F.2d at 842.

Assuming, *arguendo*, that a heart-shaped picture of earth is actually an expression of a broader idea, however, this expression still is not copyrightable because it exists in the public domain. *See Atari*, 975 F.2d at 839. Federal copyright law only protects an author's property rights for a limited duration. *See* 17 U.S.C. §§ 301–305. This law reflects the intent of the constitution's copyright clause, which "secur[es] for limited Times to Authors ... the exclusive Right to their ... Writings...." U.S. Const. Art. I, § 8, cl. 8. Through the "limited Times" provision, the constitution's framers attempted to strike a balance between two competing interests: the interest of authors in the fruits of their labor, and the interest of the public in ultimately claiming free access to the materials essential to society's development. *Twentieth Century Music*, 422 U.S. at 156, 95 S.Ct. at 2044; Melvin B. Nimmer, *Nimmer on Copyright* § 48 (1992). By extending copyright protection to authors for a fixed time, federal copyright law gives authors a chance to enjoy a monopoly on their property and thereby reap the rewards of their efforts. *Twentieth Century Music*, 422 U.S. at 156, 95 S.Ct. at 2044. After that fixed time, the author's material falls into the public domain, where it remains for anyone to use freely, thereby benefiting society as a whole. *Id.*

Plaintiff registered his copyright in 1983 and alleges that he completed his copyrighted design in 1982.[5] Heart-shaped maps and pictures of earth, however, have existed for centuries. In the year 1514, Johannes Werner, a Nuremberg mathematician, described a cordiform, or heart-

---

**5.** Defendant's proposed findings of uncontro- verted facts at ¶ 11.

shaped, map projection of earth.[6] Johannes Honterus and Orontius Finaeus each produced a heart-shaped map of earth in 1561 and 1566, respectively, based on a version of Johannes Werner's cordiform projection.[7] Rigobert Bonne devised a heart-shaped map projection of earth in about 1760 for the French military map services. In the late 18th and early 19th centuries, Bonne's projection was used extensively and was often referred to as the Depot de la Guerre projection.[8] As well, a Venezuelan postage stamp depicting a heart-shaped picture of earth was issued in 1972, more than 10 years before plaintiff's alleged completion of the copyrighted design.[9] Thus, whether they are ideas or expressions, heart-shaped maps and pictures of earth have long existed in the public domain, unprotectable by copyright law. *See Twentieth Century Music,* 422 U.S. at 156, 95 S.Ct. at 2044; 17 U.S.C. §§ 301–304.

■ The second question before the court is whether the roughly geographically-correct positioning of continents and oceans on plaintiff's heart-shaped picture of earth—a feature shared by defendant's LOVE stamp—is copyrightable? The court finds that this feature is not copyrightable for two reasons. First, this positioning of continents is necessary to communicate the idea of a heart-shaped picture of earth. To the extent that this feature is expressive, it is "as a practical matter indispensable, or at least standard in the treatment of [the idea]." *Data East,* 862 F.2d at 208 (*quoting Atari, Inc. v. N. Am. Philips Consumer Elec. Corp.,* 672 F.2d 607, 616 (7th Cir.), *cert. denied,* 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 145 (1982)). Indispensable expression "may be protected only against virtually identical copying." *Frybarger,* 812 F.2d at 530 (*citing Atari,* 672 F.2d at 616). By denying protection to this essential feature, the court will prevent plaintiff from monopolizing the idea of a heart-shaped earth, which only can be conveyed through this necessary expression. *See Toro Co. v. R. & R. Prod. Co.,* 787 F.2d 1208, 1212 (8th

Cir.1986); *Shaw,* 919 F.2d at 1360 ("protecting the expression [that is inseparable from an idea] ... would confer a monopoly of the *idea* upon the copyright owner)." [Citations omitted.]

Second, even if the court were to decide that certain selections and arrangements of continents are copyrightable, the basic arrangement that plaintiff's picture and defendant's picture both use is not copyrightable because it has fallen into the public domain. *See Atari,* 975 F.2d at 839. Plaintiff's picture and defendant's picture represent earth as viewed from the same perspective. Specifically, this is the perspective in which the Atlantic Ocean appears in the picture's center, with the North and South American continents on the picture's left and with Europe, Africa, and Asia on the right. For centuries mapmakers, artists, and lay persons have used this same perspective in drawing two-dimensional pictures of earth. Because the perspective used in plaintiff's copyrighted design and defendant's LOVE stamp has been used by other artists and mapmakers for so long, it now exists in the public domain. *See* 17 U.S.C. §§ 301–304. Therefore, this perspective is uncopyrightable subject matter. *See Atari,* 975 F.2d at 839.

Thus, the court finds, as a matter of law, that neither of the elements that the parties agree that their respective designs share is copyrightable subject matter. Next, the court must determine whether defendant's LOVE stamp shares any other features with plaintiff's design, and, if so, whether these features are protectable. *Feist,* —— U.S. at ——, 111 S.Ct. at 1296; *Atari,* 975 F.2d at 839; *Krofft,* 562 F.2d at 1163.

■ Upon comparing the remaining features of plaintiff's copyrighted design and defendant's LOVE stamp, including the particular dimensions of the heart shape, the particular selection, arrangement and detailing of the continents and oceans within the heart shape, the coloring of the picture, the background of the picture, and the words accompanying the pic-

---

**6.** *Id.* at ¶ 12.

**7.** *Id.* at ¶ 13.

**8.** *Id.*

**9.** *Id.* at ¶ 14.

ture, the court finds no similarities between these features as expressed on plaintiff's copyrighted design and defendant's LOVE stamp.[10] As a result, the court need not determine whether any of these remaining features from plaintiff's design are protectable.

While a number of distinctions exist between plaintiff's copyrighted design and defendant's LOVE stamp, what matters in a copyright infringement case are the similarities between the copyrighted work and the allegedly infringing work, not the differences. As Judge Hand succinctly explained, "no plagiarist can excuse the wrong by showing how much of his work he did not pirate." *Sheldon v. Metro–Goldwyn Pictures Corp.*, 81 F.2d 49, 56 (2d Cir.), *cert. denied*, 298 U.S. 669, 56 S.Ct. 835, 80 L.Ed. 1392 (1936). In this case, however, the court finds that defendant's LOVE stamp and plaintiff's copyrighted design share only two common features—the idea of a heart-shaped earth and the indispensable expression of this idea through the roughly geographically-correct positioning of continents—neither of which is copyrightable subject matter. Defendant's LOVE stamp contains none of the potentially protectable features of plaintiff's copyrighted design. Thus, defendant's LOVE stamp does not infringe plaintiff's copyrighted design. *See Data East,* 862 F.2d at 208. Because the court finds that the two designs share only unprotecta-

ble subject matter, it need not reach the second prong of the unlawful appropriation test, namely, whether the expression in defendant's LOVE stamp is substantially similar to the expression in plaintiff's copyrighted design.

## CONCLUSION

For the foregoing reasons, the court grants defendant's motion for summary judgment and denies plaintiff's cross-motion for summary judgment. Accordingly, the Clerk is directed to dismiss plaintiff's complaint. No costs.

10. There are numerous distinctions between plaintiff's copyrighted design and defendant's LOVE stamp:

1. The copyrighted design uses a simple two-toned color scheme without perceptible shading, resulting in a flat, two-dimensional effect. The oceans are bluish-black; the continents and background are green. The LOVE stamp uses a spectrum of colors with detailed shading that achieves a three-dimensional effect.

2. The copyrighted design contains no lines of latitude and longitude; the LOVE stamp contains both latitude and longitude lines.

3. Registration No. VA 135–433 claims a design that includes the words "MOTHER-LOVERS" or "MOM" beneath a heart shape. The registration deposit contains the words "MOTHERLOVERS" beneath the heart shape. The word "LOVE" appears in the LOVE stamp's upper right-hand corner, and the inscription "USA 29" in the lower right-hand corner.

4. The copyrighted design depicts only 5 of earth's 7 continents, including the Americas,

Europe, Africa, and part of Asia; it excludes Australia, Antarctica, and most of Asia. Greenland, Japan, and the Philippines are also missing in the copyrighted design. The LOVE stamp depicts all 7 of earth's continents, including the Americas, Europe, Africa, Asia, most of Antarctica, and most of Australia. The LOVE stamp also depicts Japan, the Philippines, and most of Greenland.

5. The continents in the copyrighted design are placed in a less factually-accurate position within the represented heart-shape of earth than are the continents in the LOVE stamp.

Expert testimony is admissible to aid the court in objectively analyzing the features of the copyrighted design and the allegedly infringing work. *Krofft,* 562 F.2d at 1164. In evaluating the elements of defendant's LOVE stamp and plaintiff's copyrighted design, the court benefits from the declaration of Miklos Pinther, an expert in both cartography and stamp collecting. Mr. Pinther is defendant's expert; plaintiff did not submit any expert declaration.